Meredith HOVET, Plaintiff
and Appellant,

v.

HEBRON PUBLIC SCHOOL DISTRICT
and Madonna Tibor, Defendants
and Appellees.

Civ. No. 870224.

Supreme Court of North Dakota.

Feb. 2, 1988.

Michael Geiermann, of Chapman & Chapman, Bismarck, for plaintiff and appellant.

Gary R. Thune, of Pearce & Durick, Bismarck, for defendant and appellee Hebron Public School District.

Michael J. Maus, of Howe, Hardy, Galloway & Maus, P.C., for defendant and appellee Madonna Tibor.

Jack McDonald, Jr., of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for amici curiae North Dakota Newspaper Ass'n and The North Dakota Chapter of the Society of Professional Journalists/Sigma Delta Chi.

VANDE WALLE, Justice.

Meredith Hovet appealed from a judgment of dismissal declaring his personnel file to be a public record open for inspection by the public under the provisions of Sections 44–04–18 and 15–29–10, N.D.C.C., and Article XI, Section 6, of the North Dakota Constitution. We affirm.

Hovet was employed by the Hebron Public School District (School District) as a teacher of business education and physical education during the 1986–1987 school year and had been so employed for the previous three school years. During the course of this employment a personnel file was maintained by the School District.

By a letter dated May 21, 1987, Madonna Tibor requested that the School District allow her to review Hovet's personnel file. Subsequently the superintendent for the School District agreed to provide a review of Hovet's personnel file on June 2, 1987.

Hovet then filed a complaint seeking a permanent injunction enjoining the School District from allowing the review of his personnel file by anyone other than a legal representative of the School District. At this time Hovet also sought a temporary restraining order prohibiting the review. A hearing was held and a temporary restraining order was granted. The trial court also ordered that Tibor could become a party to the action.

The parties determined to submit the case to the trial court on briefs. Hovet and the School District each argued that the personnel file was confidential. Tibor argued that the personnel file was a public record open to inspection. Thereafter the trial court determined that Hovet's personnel file was a public record open for inspection under Sections 44–04–18 and 15–29–10, N.D.C.C., and Article XI, Section 6, of the North Dakota Constitution. The trial court issued a judgment of dismissal. It is from this judgment that Hovet appealed. We note that the School District has aligned itself with Hovet and against Tibor on appeal.

I

Hovet and the School District concede that the personnel file is a governmental record, but argue that it is a record not open to public inspection because certain statutes protect a teacher's personnel file from inspection under the open-records law. The concession that the personnel file is a governmental record is based upon this court's decisions in *City of Grand Forks v. Grand Forks Herald*, 307 N.W.2d 572 (N.D.1981) [holding that the personnel file of a former chief of police is a public record under the open-records law], and *Forum Publishing Co. v. City of Fargo*, 391 N.W.2d 169 (N.D.1986) [holding that the applications and records disclosing the names and qualifications of applicants for chief of police are public records under the open-records law].

Open governmental records in North Dakota are required by our Constitution and our statutes. Article XI, Section 6, of the North Dakota Constitution provides:

"Unless otherwise provided by law, all records of public or governmental bodies, boards, bureaus, commissions, or agencies of the state or any political subdivision of the state, or organizations or agencies supported in whole or in part by public funds, or expending public funds, shall be public records, open and accessi-

ble for inspection during reasonable office hours."

Section 44-04-18, N.D.C.C., tracks and implements Article XI, Section 6. It provides:

"1. Except as otherwise specifically provided by law, all records of public or governmental bodies, boards, bureaus, commissions or agencies of the state or any political subdivision of the state, or organizations or agencies supported in whole or in part by public funds, or expending public funds, shall be public records, open and accessible for inspection during reasonable office hours.

"2. Violations of this section shall be punishable as an infraction."

The first argument of Hovet and the School District is that Section 15-47-38, N.D.C.C., provides an implied exception to the open-records law. Section 15-47-38 specifies the procedures to be utilized when a school board discharges a teacher or decides to not renew a teacher's contract. Among these procedures are the following: For a nonrenewal decision the reasons for nonrenewal must be drawn from specific and documented findings arising from formal reviews conducted by the board with respect to the teacher's overall performance; that such proceedings must be held in an executive session unless both parties agree to open them to the public; that no action for libel or slander shall lie for statements expressed orally or in writing at the executive sessions. Hovet and the School District argue that these procedures are designed to facilitate openness in the proceedings and to protect the teacher's reputation. They reason that opening to the public a teacher's personnel file—which would be reviewed at these proceedings—harms the above-stated goals. Thus, they conclude, an exception for teachers' personnel files from the open-records law must be implied.

This argument, however, ignores the language of the open-records law. Section 44-04-18(1), N.D.C.C., provides that all governmental records are open to the public "Except as otherwise *specifically* provided by law, ..." [Emphasis added.]

Our Code provides that "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, ..." Section 1-02-02, N.D.C.C. The word "specific" usually is defined to mean "Explicitly set forth; particular, definite." *American Heritage Dictionary*, 1973. This definition is opposite to the meaning of "implied," which is defined to mean "suggested, involved, or understood although not clearly or openly expressed." *American Heritage Dictionary*, 1973. Thus, because the open-records law provides that governmental records are to be open to the public "Except as otherwise specifically provided by law," an exception to the open-records law may not be implied. In order that a record may be excepted from the open-records law the Legislature must specifically address the status of that type of record—e.g., statements that a certain type of record is confidential or that it is not open to the public.

Our decision that action taken to except a record from the open-records law must be specific is supported by comments made at the time of the consideration of the open-records law. As one newspaper reported, quoting Representative Ralph Beede, speaking on behalf of the open-records law at the time of its original statutory enactment in 1957:

"He said that if administrative agencies, such as the State Public Service Commission which gets certain private information from utilities, feel they have records that should be kept confidential, 'they should come to the Legislature and let it decide on the question.'" *Bismarck Tribune*, February 15, 1957, p. 1.

Thus, for an exception to the open-records law to exist under our constitutional and statutory provisions, it must be specific, i.e., the Legislature must directly address the status of the record in question, for a specific exception, by the plain terms of those provisions, may not be implied. Therefore, the contention that an exception to the open-records law for teacher personnel files should be implied from Section 15-47-38, N.D.C.C., must fail.

Hovet and the School District also argue that an exception to the open-records law for teacher personnel files can be based in Chapter 15–38.2, N.D.C.C. That chapter generally provides that a teacher has a right to review his or her personnel file, to make written comments on anything placed in that file, and those comments are to be attached to the file; and the chapter prohibits the use of secret personnel files to which the teacher does not have access. These statutes do not specifically address the status of teacher personnel files. As we stated above, an exception to the open-records law may not be implied. Therefore, this argument, too, must fail.

The legislative history of Chapter 15–38.2 also indicates that the Legislature was not specifically considering the status of teacher personnel files in regard to the open-records law. In comments before the Senate Education Committee, Lee Fleischer, the Director of Professional Development for the North Dakota Education Association, stated that the purposes of the bill were "(1) to prevent and prohibit secret files; and (2) to provide a reasonable method for allowing teachers to see what is in their personnel file." Sen.Ed.Comm. Minutes (Jan. 31, 1977).

## II

Hovet next alleges that he has a right to privacy guaranteed to him by the United States Constitution and the North Dakota Constitution, which will be violated if the public is allowed to inspect his personnel file. Teachers, like students, do not "shed their constitutional rights ... at the schoolhouse gate." *Tinker v. Des Moines*

*Community School Dist.*, 393 U.S. 503, 506, 89 S.Ct. 733, 736, 21 L.Ed.2d 731, 737 (1969). But we rejected the claim that a governmental employee's personnel file is protected by a constitutional right to privacy in *City of Grand Forks v. Grand Forks Herald, supra.* Our position has not changed.

In *Grand Forks Herald* we decided that personnel records are not protected by the right to privacy arising under the Federal Constitution because personnel records do not concern a subject to which the Federal right to privacy has been recognized as applying. As we noted, the Federal right to privacy is limited to "cases involving governmental intrusions into matters relating to marriage, procreation, contraception, family relationships, child rearing, and education." 307 N.W.2d at 578. See also *Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986).

In *Grand Forks Herald* we also refused to find that a governmental employee's personnel record was protected by a right to privacy arising from the North Dakota Constitution. We noted that there is no explicit right to privacy under our Constitution, and we declined to consider whether such a right to privacy could be inferred under our Constitution. Even if a right to privacy existed under our Constitution, there would be no right of privacy "in a personnel record of a person employed by a public agency, ..." 307 N.W.2d at 580. [VandeWalle, J., concurring specially.] A teacher's personnel file has not been shown to be different from the personnel files of other governmental employees. Therefore, we reject Hovet's argument.[1]

---

1. The recent decision in *Klein Independent School District v. Mattox*, 830 F.2d 576 (5th Cir.1987), discussed the application of the right to privacy in a case involving a request under the Texas open-records law to see a schoolteacher's personnel file, in particular the college transcript of the teacher. In rejecting the teacher's claim of a right to privacy under the Federal Constitution in her college transcript the court stated:

    "Without engaging in an inquiry into whether Ms. Holt has a recognizable privacy interest in her college transcript, we believe that, under the balancing test, even if she did have an interest it is significantly outweighed by the public's interest in evaluating the competence of its schoolteachers." 830 F.2d at 580.

    It is also noteworthy that even though the Texas open-records law had an exception for information of a private nature contained in personnel files the court still required disclosure of the teacher's college transcript. The open-records statute provided for the exemption from public disclosure of "information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 830 F.2d at 581 [quoting Tex.Rev.Civ.Stat. Ann. Art. 6252–17a, § 3(a)(2)]. The court required disclosure, finding that "the disclosure of a schoolteacher's college transcript [does not

In arguing that a teacher's personnel file is protected by a right to privacy Hovet has referred us to the case of *Trahan v. Larivee,* 365 So.2d 294 (La.App.1978). In *Trahan* the court refused to allow public inspection of the evaluation reports of city directors even though it concluded that those reports were public records under the Louisiana public records law because to do so would be an impermissible invasion of privacy under the Louisiana Constitution. However, *Trahan* is readily distinguishable in that the Louisiana Constitution has an express guarantee of the right to privacy at Article I, Section 5, Louisiana Constitution. Therefore, we decline to follow *Trahan.*

### III

Hovet next contends that school students have a right to privacy which will be violated if a teacher's personnel file is open to public inspection. In making this argument Hovet notes that names of students may be placed in a teacher's personnel file in notations concerning the teacher.

Considering what we stated in the previous section about the right to privacy under the Federal and State Constitutions, we decline to consider this issue. Even if a student had a privacy interest in this case, to consider this issue would violate the general rule that "A litigant may assert only his own constitutional rights, unless he can present 'weighty countervailing policies.' " *State v. Woodworth,* 234 N.W.2d 243, 249 (N.D.1975); *State v. Benjamin,* 417 N.W.2d 838 (N.D.1988); *City of Bismarck v. Materi,* 177 N.W.2d 530 (N.D. 1970). Hovet has not raised sufficiently "weighty countervailing policies" for us to depart from the general rule.

We recognize that Hovet and the School District have raised some strong public-policy arguments for the exception of teacher personnel records from the open-records law. However, as the trial court noted, "such policy considerations are for the leg-

rise] to the level of that information which constitutes an unwarranted invasion of personal

islature and the courts must apply the law as it exists."

### IV

Finally, Tibor, in her brief before this court, asked that we require the School District to pay to Tibor her costs and attorney fees incurred in litigating this issue. We decline to do this because Tibor failed to perfect a cross-appeal on this issue pursuant to Rule 3, N.D.R.App.P.

Tibor asked the trial court to award her costs and attorney fees in a cross-claim. In its judgment in this case the trial court dismissed the cross-claim. Hovet then filed a notice of appeal. Tibor did not file a cross-appeal concerning the dismissal of her cross-claim.

In *Kolling v. Goodyear Tire and Rubber Co.,* 272 N.W.2d 54, 59 (N.D.1978), we noted that "An appellee may take a cross-appeal but he must comply with the statutory requirements for taking and perfecting an appeal [pursuant to Rule 3, N.D.R.App.P.] even though the appellant has already perfected his own appeal." When an appellee fails to properly file and perfect a cross-appeal on an issue "we have no jurisdiction to consider [that] question." 272 N.W.2d at 59. Because Tibor failed to file a cross-appeal concerning the issue of costs and attorney fees we have no jurisdiction to address the question.

Insofar as Tibor's request may be construed as requesting exemplary costs on appeal it is also denied.

The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.