In the Matter of the ADMINISTRATION by FIRST TRUST COMPANY of NORTH DAKOTA, TRUSTEE, of the TRUST CREATED under the LAST WILL and TESTAMENT of ADOLPH RUB, DATED DECEMBER 8, 1978.

FIRST TRUST COMPANY OF NORTH DAKOTA, Plaintiff and Appellee,

v.

Duane RUB, Defendant and Appellant.

Civ. No. 920096.

Supreme Court of North Dakota.

Oct. 1, 1992.

Steven L. Spilde (argued), of Rolfson Schulz Lervick Law Offices, Bismarck, for plaintiff and appellee.

Duane E. Rub, pro se.

LEVINE, Justice.

Duane Rub appeals from an order approving the report and account of the Adolph Rub Trust. We reverse and remand for further proceedings.

Adolph Rub, Duane's father, died in 1980. Adolph's will created the Adolph Rub Trust ["Trust"] for the benefit of Amelia Rub, who was Adolph's second wife and Duane's stepmother. First Trust Company of North Dakota ["Trustee"] is the trustee of the Trust. In 1989, an order was entered for supervised administration of the Trust in the District Court of Burleigh County.

The Trust has spawned much litigation, primarily centering on a 1978 contract for deed in which Duane and his wife Marlys agreed to purchase certain real property from Adolph. The seller's rights in the contract for deed passed to the Trustee under Adolph's will, with Amelia to receive the income until her death. Duane and Marlys stopped making payments under the contract for deed in 1983, and the Trust sued to cancel the contract. We affirmed cancellation of the contract for deed in *Adolph Rub Trust v. Rub*, 474 N.W.2d 73 (N.D.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1276, 117 L.Ed.2d 502 (1992).

The Trustee subsequently filed a Petition for Approval of Report and Account and Request for Expenditure of Funds. Although the Trust is registered in Burleigh County and the caption of all pleadings relating to the Trust indicate venue in Burleigh County, the hearing on the Trustee's petition was held at the Morton County Courthouse. Duane appeared at the hearing and objected to venue, asserting that the hearing should be held in Burleigh County. The district court refused to relocate the hearing to Burleigh County. At the conclusion of the hearing, the court entered an Order Approving Report and Account and Expenditure of Funds. Duane appealed.

■ Venue means the place of trial. *Stonewood Hotel Corp. v. Davis Development, Inc.*, 447 N.W.2d 286, 288 (N.D. 1989). A party generally has a right to have an action tried in the proper county, subject to the power of the court to change the place of trial as provided by statute. *See, e.g., Stonewood, supra*, 447 N.W.2d at 288; *Keating v. Keating*, 399 N.W.2d 872, 873–874 (N.D.1987); *Marshall v. City of Beach*, 294 N.W.2d 623, 625 (N.D.1980). Under Section 30.1–33–02, N.D.C.C. [Uniform Probate Code § 7–202], the proper venue for proceedings involving registered

trusts is in the county of registration. It is undisputed that the Trust was registered in Burleigh County. Furthermore, the captions on all pleadings relating to the Trust indicate venue in Burleigh County.

■ Section 28–04–07, N.D.C.C., authorizes the court to change the place of trial under certain limited circumstances. The Trustee asserts that it was within the trial court's discretion to change the place of trial in this case for the convenience of the witnesses and to promote the ends of justice. *See* Section 28–04–07(3), N.D.C.C. The Trustee relies upon our holding in *Stonewood, supra,* to support its argument.

In *Stonewood,* an eviction action was brought to recover possession of real property located in Morton County. Pursuant to Section 28–04–01, N.D.C.C., proper venue would have been in Morton County. Because no courtroom was available in the Morton County Courthouse due to remodeling, the trial was held at the Burleigh County Courthouse. The trial court overruled the defendant's objection to venue. Although noting that it was "a close question," we affirmed the court's holding under Section 28–04–07(3), N.D.C.C., which authorizes the court to change the place of trial when the convenience of the witnesses and the ends of justice would be promoted by the change. *Stonewood, supra,* 447 N.W.2d at 289.

*Stonewood* is distinguishable on two critical points. First, an eviction action is a summary proceeding, with an expedited time period of three to fifteen days in which the defendant must appear and defend. In contrast, the trust matter involved here has been ongoing for several years. Although litigants are always entitled to a prompt resolution of their case, an eviction action presents a special situation requiring immediate action. *See Stonewood, supra,* 447 N.W.2d at 289; Chapter 33–06, N.D.C.C. A reasonable delay in this

case to secure a courtroom in Burleigh County would have constituted only a minor inconvenience to the parties.

Second, the trial court in *Stonewood* explicitly found that no space was available in the Morton County Courthouse on the date set for trial. In this case, the district court's stated reasons for holding the hearing in Morton County, rather than Burleigh County, are less specific:

"[W]ith regard to the venue matter, it is true that this is a Burleigh County case and we are sitting in Morton County. There are 6 judges in the Burleigh County Courthouse, there is [are] not enough courtrooms for all of us and it is sometimes necessary for me to move some of my Burleigh County cases over here. In fact, I just finished a hearing involving eight Burleigh County cases with a total of 22 attorneys. There is simply not room in the Burleigh County Courthouse for all this."

The court did not explicitly state that no courtroom was available in Burleigh County on the date of the hearing. Rather, the judge's comments suggest that the Burleigh County Courthouse is generally crowded, so he routinely moves his Burleigh County cases to Morton County, where his permanent chambers are located.[1]

We conclude that the court's stated reasons for holding the hearing in Morton County are insufficient under the statute to justify a change of venue from the proper county. Duane was entitled to have the case heard in Burleigh County.

■ The Trustee argues that, even if Burleigh County was the proper venue, Duane's challenge to venue was untimely. The Trustee relies upon Section 28–04–06, N.D.C.C.:

"*Action triable in improper county unless defendant requests change—Exception.* Except in the cases mentioned in section 28–04–01, if the county designat-

---

1. Rule 7(B) of the North Dakota Administrative Rules and Orders demonstrates a preference that judges travel to the location convenient to the litigants, not vice versa:

"It is the intent of the Supreme Court that the residents of the various counties within a judicial district receive judicial services in their own county without the need to travel to the chamber cities. The judges in the chamber cities shall travel to the counties within their judicial district to provide required services pursuant to the schedule and direction of the presiding judge of the district."

ed in the complaint is not the proper county for trial of the case, the action, notwithstanding, may be tried therein, unless the defendant, before the time for answering expires, demands in writing that the trial be had in the proper county and the place of trial thereupon is changed by consent of the parties, or by order of the court."

Section 28–04–06 is inapplicable. Due to the unique nature of trust proceedings, no "complaint" has been filed designating the wrong county for trial. In fact, all of the pleadings, including the Petition for Approval of Report and Account, bear captions indicating venue in Burleigh County. Only the Notice of Hearing suggested that the hearing was to be held in Morton County.

Furthermore, Section 28–04–06, N.D.C.C., requires that the defendant must challenge improper venue "before the time for answering expires." Duane was not required to serve any responsive pleading to the Trustee's petition. Consequently, there was no "time for answering" in this case. We conclude that Section 28–04–06 is inapposite.

The Trustee has failed to cite any applicable statute or rule requiring Duane to challenge improper venue before the hearing. Although it would have been preferable for Duane to raise his objection in advance of the hearing, and thereby possibly avoid inconvenience to the court, the parties, and the witnesses, we conclude that Duane's objection was not untimely.

We reverse the order of the district court and remand for further proceedings in accordance with this opinion.[2]

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and JOHNSON, JJ., concur.

2. We wish to clarify that the scope of the hearing upon remand is limited to those matters relevant to the Trustee's petition. In the briefs and oral argument on appeal, Duane has raised a plethora of issues relating to the cancellation of the contract for deed. The prior judgment is res judicata on the propriety of the cancellation of the contract for deed, and Duane is not entitled to relitigate those issues in these trust proceedings.