**Penny SELLAND, Applicant and Appellee,**

v.

**Larry SELLAND, Respondent and Appellant.**

**Civ. No. 920183.**

Supreme Court of North Dakota.

Dec. 22, 1992.

Larry Selland, pro se.

Karen L. McBride of Bucklin & Klemin, P.C., Bismarck, for applicant and appellee.

LEVINE, Justice.

Larry Selland appeals from a permanent domestic violence protection order entered in favor of his spouse, Penny Selland. We reverse and remand.

On May 29, 1992, Penny applied for emergency protective relief in Burleigh County, the residence of Larry, and was awarded an ex parte temporary protection order pursuant to NDCC ch. 14–07.1. That order prohibited Larry from telephoning and approaching within one hundred yards of Penny, enabled Penny to access Larry's Sterling, North Dakota, home on May 30 and 31, 1992, to remove her possessions, and provided that a hearing on the matter

be held June 5, 1992, in Burleigh County. *See* NDCC §§ 14–07.1–02(4)(f), –03(2)(a), –03(4). On June 4, 1992, Larry demanded and was granted a change of judge. Consequently, the parties' hearing was rescheduled for June 10, 1992, to be held in the Morton County Courthouse.[1]

At the June 10 hearing, Larry objected to venue, asserting that the hearing should be held in Burleigh County, in accordance with NDCC § 28–04–05 and NDAR 7(B). The district court refused to relocate the hearing to Burleigh County. Upon completion of the hearing, the trial court issued a permanent protection order, restricting Larry from direct or indirect contact with Penny and permitting Penny to remove from Larry's residence those items of personal property the parties agreed belonged to Penny. Finally, the protection order was set to expire December 10, 1992. Larry appealed.[2]

Our threshold consideration in this case is whether a permanent domestic violence protection order is appealable. Penny contends it is not appealable, arguing that the order, though entitled "permanent," is really "temporary or interlocutory" because of its expiration date and its susceptibility to being amended at any time. We disagree.

 Ordinarily, only final orders are appealable. *See, e.g., Grand Forks Herald v. District Court, Etc.,* 322 N.W.2d 850 (N.D.1982). A permanent domestic violence protection order is "a species of injunction." *Wahpeton Public School Dist. No. 37 v. N.D. Education Ass'n,* 166 N.W.2d 389, 396 (N.D.1969) (Teigen, C.J., concurring specially). Section 28–27–02(3),

NDCC, provides in part that "an order which ... grants, refuses, modifies, or dissolves an injunction" may be appealed to this court. The injunction here is a final order because it granted all the relief requested, no other claim was pending at the time the appeal was taken and because the order "terminate[d] the action." *Ceartin v. Ochs,* 479 N.W.2d 863, 865 (N.D.1992). We conclude the appeal is properly before us.

Larry's primary contention on appeal is that the trial court abused its discretion when it refused his demand for a change of venue. Penny counters that the trial court properly refused to relocate the hearing to Burleigh County because both parties appeared in Morton County, Larry was not prejudiced by the Morton County venue, and because "no purpose would have been served by moving [the] parties seven miles across the Missouri River." While we sympathize with Penny's position, we must reject it.

 Venue means the place of trial. *First Trust Co. of N.D. v. Rub,* 490 N.W.2d 484 (N.D.1992); *Stonewood Hotel Corp. v. Davis Development, Inc.,* 447 N.W.2d 286 (N.D.1989). "A party generally has a right to have an action tried in the proper county, subject to the power of the court to change the place of trial as provided by statute." *Rub, supra* at 485. Under NDCC § 28–04–05, the proper venue in a proceeding of this nature is the county in which the defendant resides at the time the action is commenced. The defendant, Lar-

---

1. On June 5, Penny moved to amend the May 29 temporary protection order to permit her to enter Larry's residence to remove her possessions on June 6 and 7, 1992, due to her inability to do so with the assistance of a law enforcement officer on May 30 and 31. The district court, the Honorable Dennis Schneider presiding, amended the order as requested but voided the amended temporary protection order the same day upon becoming aware of the June 4 order appointing the Honorable William F. Hodny to preside over the matter.

In addition, Larry filed a motion demanding a change of venue from Morton County to Burleigh County on June 9, 1992, one day before the hearing. According to the record, the trial

court never entered a formal, written disposition of that motion but, instead, summarily dismissed it at the June 10 hearing.

2. Penny commenced a divorce action against Larry five days after he had filed notice of appeal from the permanent domestic violence protection order. In addition, Larry filed a third-party complaint against Donna Bard, a certified domestic violence advocate who appeared with Penny at the June 10 hearing, seeking damages based on a claim that Bard engaged in the unauthorized practice of law. The action against Bard was also commenced several days after Larry filed notice of appeal and, apparently, is pending.

ry, was a resident of Burleigh County at the time Penny commenced this action.

Nevertheless, the trial court refused Larry's request that the hearing be moved to Burleigh County, stating:

"I am the only judge here today. I have a very full schedule. I don't have time to go over there [Burleigh County]. I could go over there and the only difference would be a Burleigh County air conditioner would blow on us rather than the Morton County air conditioner. The case would be the same people, same judge. I am also a Burleigh County judge.... It is up to me to keep the proceedings straight. You [Larry] are here already. I didn't know about this [Larry's motion for a change of venue, filed one day prior to the hearing] until this morning. We'll just go ahead with a hearing here."

It is evident from the court's comments that its decision to conduct the hearing in Morton County over Larry's objection was to accommodate its own convenience. Section 28–04–07, NDCC, authorizes the court to change the place of trial under certain limited circumstances. But promoting the convenience of the court is not one of those circumstances. As we noted in *Rub, supra:*

"Rule 7(B) of the North Dakota Administrative Rules and Orders demonstrates a preference that judges travel to the location convenient to the litigants, not vice versa:

" 'It is the intent of the Supreme Court that the residents of the various counties within a judicial district receive judicial services in their own county without the need to travel to the chamber cities. The judges in the chamber cities shall travel to the counties within their judicial district to. provide required services pursuant to the schedule and direction of the presiding judge of the district.' " 490 N.W.2d at 486 n. 1.

We conclude, therefore, that the trial court's reasons for denying Larry's motion to change venue are insufficient under the statute.

Nor does our holding in *Stonewood, supra,* support the trial court's decision to hold the hearing in Morton County. We recently summarized *Stonewood,* saying:

"In *Stonewood,* an eviction action was brought to recover possession of real property located in Morton County. Pursuant to Section 28–04–01, N.D.C.C., proper venue would have been in Morton County. Because no courtroom was available in the Morton County Courthouse due to remodeling, the trial was held at the Burleigh County Courthouse. The trial court overruled the defendant's objection to venue. Although noting that it was 'a close question,' we affirmed the court's holding under Section 28–04–07(3), N.D.C.C., which authorizes the court to change the place of trial when the convenience of the witnesses and the ends of justice would be promoted by the change. *Stonewood, supra,* 447 N.W.2d at 289." *Rub, supra* at 486.

In distinguishing *Rub* from *Stonewood,* we identified two key considerations for purposes of determining whether a disputed venue decision should be affirmed under *Stonewood.* We said:

"First, an eviction action is a summary proceeding, with an expedited time period of three to fifteen days in which the defendant must appear and defend. In contrast, the trust matter involved here has been ongoing for several years. Although litigants are always entitled to a prompt resolution of their case, an eviction action presents a special situation requiring immediate action. *See Stonewood, supra,* 447 N.W.2d at 289; Chapter 33–06, N.D.C.C. A reasonable delay in this case to secure a courtroom in Burleigh County would have constituted only a minor inconvenience to the parties.

"Second, the trial court in *Stonewood* explicitly found that no space was available in the Morton County Courthouse on the date set for trial." *Rub, supra* at 486.

Analogizing the summary nature of her action to that of an eviction proceeding,

and distinguishing it from a trust proceeding, Penny asserted at oral argument that the need for a prompt judicial response to a request for a permanent protection order aligns this case with *Stonewood*, not *Rub*, and requires, therefore, that we affirm the trial court's rejection of Larry's request for a change of venue. Again, we disagree.

■ Nothing in our law exempts or excuses summary proceedings from venue requirements, and *Stonewood* should not be construed as standing for that proposition. We derive from our holdings in *Stonewood* and *Rub* that the need for expediency occasioned by a summary proceeding, while relevant, is not a sufficient reason to disregard a proper request for a change of venue. Instead, lack of courtroom space in the proper venue provides a sufficient reason to do so. As highlighted above, the trial court's rationale for refusing to move the hearing to Burleigh County was grounded on neither the unavailability of courtroom space in Burleigh County nor any other acceptable reason.

Larry raises numerous other issues. However, "[q]uestions, the answers to which are not necessary to the determination of a case, need not be considered." *Hospital Services, Inc. v. Brooks*, 229 N.W.2d 69, 71 (N.D.1975).

Accordingly, we reverse the order of the district court and remand for further proceedings consistent with this opinion.

ERICKSTAD, C.J., and JOHNSON and MESCHKE, JJ., concur.