In the Matter of the Administration by First Trust Company of North Dakota, Trustee, of the Trust Created Under the Last WILL and Testament OF Adolph RUB, Dated December 8, 1978.

FIRST TRUST COMPANY OF NORTH DAKOTA, Plaintiff and Appellee,

v.

Duane RUB, Defendant and Appellant.

Civ. No. 930104.

Supreme Court of North Dakota.

Jan. 5, 1994.

Michael Geiermann (argued), Rolfson Schulz Lervick Law Offices, Bismarck, for plaintiff and appellee.

Duane Rub, pro se.

NEUMANN, Justice.

Duane Rub appeals from district court orders approving the report, account, expenditure, and distribution of funds and the corpus of the Adolph Rub Trust (Trust). We affirm.

The Trust and Mr. Rub have been the source of an abundance of litigation. In the most recent case involving the Trust we briefly summarized the background.

584

"Adolph Rub, Duane's father, died in 1980. Adolph's will created the Adolph Rub Trust ["Trust"] for the benefit of Amelia Rub, who was Adolph's second wife and Duane's stepmother. First Trust Company of North Dakota ["Trustee"] is the trustee of the Trust. In 1989, an order was entered for supervised administration of the Trust in the District Court of Burleigh County.

"The Trust has spawned much litigation, primarily centering on a 1978 contract for deed in which Duane and his wife Marlys agreed to purchase certain real property from Adolph. The seller's rights in the contract for deed passed to the Trustee under Adolph's will, with Amelia to receive the income until her death. Duane and Marlys stopped making payments under the contract for deed in 1983, and the Trust sued to cancel the contract. We affirmed cancellation of the contract for deed in *Adolph Rub Trust v. Rub*, 474 N.W.2d 73 (N.D.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1276, 117 L.Ed.2d 502 (1992) [, *reh'g denied*, —— U.S. ——, 112 S.Ct. 1713, 118 L.Ed.2d 418 (1992) ]."

*In re Admin. By First Trust Co. of N.D.*, 490 N.W.2d 484, 485 (N.D.1992).

In that case we found proceedings had been heard in an improper venue. We therefore reversed the Order Approving Report and Account and Expenditure of Funds, and remanded for proceedings in accordance with the opinion. *Id.* at 484. In footnote 2, we set forth strict parameters dictating the issues to be decided on remand, stating:

"We wish to clarify that the scope of the hearing upon remand is limited to those matters relevant to the Trustee's petition. In the briefs and oral argument on appeal, Duane has raised a plethora of issues relating to the cancellation of the contract for deed. The prior judgment is res judicata on the propriety of the cancellation of the contract for deed, and Duane is not entitled to relitigate those issues in these trust proceedings."

*Id.* at 487 n. 2. On remand, the District Court for Burleigh County approved the Trustee's reports and accounts, and ordered the payment of disbursements, legal fees,

and the distribution of the corpus to Amelia Rub. It is from these orders that Duane appeals.

Duane brings two issues on appeal. The first issue he presents is whether the district court "committed reversible error when it alleged in an order that Farmers Home Administration could redeem from a contract for deed allegedly closed in an action that Farmers Home Administration had never appeared in." The second issue is whether the district court "committed reversible error when it granted the disbursement of funds improperly acquired from Farmers Home Administration drawn on the account of Duane E. Rub."

■ Not only are both of these issues outside the parameters of the remand to the district court, *see In re Admin. By First Trust Co. of N.D.*, 490 N.W.2d at 487 n. 2 (subject matter of these two issues addressed and dismissed as res judicata), but the legal arguments Duane relies on are totally devoid of merit. We therefore affirm the orders of the district court.

■ Trustee in its brief requests costs and reasonable attorney's fees. *See* N.D.R.App. P.Rule 38 (court may award costs and reasonable attorney's fees incurred defending frivolous appeal). The Trustee asserts that Duane's appeal is frivolous. We agree. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Adolph Rub Trust v. Rub*, 473 N.W.2d 442, 446 (N.D.1991) (citing *Vogel v. Pardon*, 444 N.W.2d 348, 353 (N.D. 1989)).

■ The frivolousness of Duane's appeal is especially extraordinary in light of footnote 2, *In re Admin. By First Trust Co. of N.D.*, 490 N.W.2d at 487, where this Court explicitly directed that the prior judgment was res judicata as to the propriety of cancellation of the contract for deed, and directed that Duane was not entitled to relitigate those issues in these trust proceedings. *Id.*

Requests for costs and attorney's fees incurred on appeal are most appropriately raised to, and decided by, this Court. *See*

*United Bank of Bismarck v. Young,* 401 N.W.2d 517, 519 n. 1 (N.D.1987), *cert. denied,* 484 U.S. 856, 108 S.Ct. 165, 98 L.Ed.2d 119 (1987); *First Trust Co. of N.D. v. Conway,* 423 N.W.2d 795 (N.D.1988).

Prior to oral argument, Trustee's request for attorney's fees and costs was not accompanied by an affidavit documenting attorney's fees incurred on appeal. In *Young* we stated that requests for awards of any more than a token amount of attorney's fees under Rule 38, N.D.R.App.P., should be accompanied by an affidavit documenting the work performed on the appeal so that we can calculate the amount of reasonable attorney's fees to be assessed. 401 N.W.2d at 519 n. 1 (awarded double costs and attorney's fees in the amount of $250.00 each). In the absence of an affidavit, we normally limit the award to a token amount of attorney's fees. *Id.; Miller v. North Dakota Crime Victims Reparations Bd.,* 448 N.W.2d 197, 203 (N.D.1989); *Conway,* 423 N.W.2d at 797.

In light of the explicit directive of footnote 2, the present appeal is so boldly and patently frivolous as to approach contemptuous behavior. The court therefore awards attorney's fees in the amount of $1,000.00 as well as costs on appeal.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.