Penny SELLAND, Plaintiff and Appellee,

v.

Larry SELLAND, Defendant, Third–Party Plaintiff and Appellant,

v.

Donna BARD and Diane Zainhofsky, Third–Party Defendants and Appellees.

Civ. No. 930169.

Supreme Court of North Dakota.

June 28, 1994.

Penny Selland (no appearance), now Penny Albrecht, pro se.

Larry Selland (argued), pro se.

Carpenter Offices, Bismarck, for third-party defendants and appellees; submitted on brief.

NEUMANN, Justice.

Larry Selland appeals from a divorce judgment. We affirm.

This is chapter three of what has become an ongoing legal battle between Penny Selland and Larry Selland. The facts of this case pick up where we left off in *Selland v. Selland*, 503 N.W.2d 242 (N.D.1993), *reh'g denied* (*Selland II* ); *see also Selland v. Selland*, 494 N.W.2d 367 (N.D.1992) (*Selland I* ).

"Penny Selland commenced a divorce action against Larry Selland. In response to the summons and complaint, Larry filed a third-party complaint for damages arising from the allegedly unauthorized practice of law by Donna Bard and Diane Zainhofsky, certified domestic violence advocates, who had assisted Penny in an adult abuse proceeding which was the subject of a previ-

ous appeal to this Court. *See Selland v. Selland,* 494 N.W.2d 367 (N.D.1992). In a second pleading, filed the same day, Larry reiterated his claim against Bard and Zainhofsky and requested that the divorce action be tried to a jury. By order dated January 21, 1993, the trial court dismissed Larry's claim against the third-party defendants and denied his request for a jury trial. Larry appealed."

*Selland II,* 503 N.W.2d at 243. Holding the appeal was interlocutory in nature and therefore unappealable, we dismissed *Selland II. Id.* The trial court has since granted the divorce, and it is from this final judgment that Larry now appeals.

First, Larry argues that the trial court erred when it dismissed what was referred to as his "third-party complaint." Larry cites to N.D.R.Civ.P. Rule 19 in support of his argument. This argument is without legal merit.

■ A third-party summons and complaint are appropriate when a person not a party to the action is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff. N.D.R.Civ.P. Rule 14. Rule 19 addresses compulsory joinder of parties. Joinder and third-party actions are not synonymous. "A person should be joined as a party in an action if (1) in his absence complete relief cannot be accorded, or (2) he claims an interest which he will not be able to protect if he is not joined." *Schroeder v. Burleigh County Bd. of Comm'rs,* 252 N.W.2d 893, 896 (N.D.1977). Larry's claims against "third-party defendants" Bard and Zainhofsky appear to be civil tort actions seeking money damages, claims in no way related to the divorce action. The trial court appropriately exercised its judicial discretion when it dropped "third-party defendants" Bard and Zainhofsky from the divorce action. See N.D.R.Civ.P. Rule 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.") The order dropping Bard and Zainhofsky in no way bars Larry from bringing separate actions against them in the future.

■ Next, Larry argues the trial court wrongly dismissed his demand for a jury. Having affirmed the trial court's dismissal of Larry's "third-party complaint," the divorce is the only action remaining. There is no right to a jury trial in divorce proceedings. *Martian v. Martian,* 328 N.W.2d 844 (N.D. 1983). The trial court did not err in refusing Larry's jury request.

■ Finally, Larry argues that the trial court erred in proceeding with the divorce while it was on appeal. Larry filed a notice of appeal and application for a stay of proceedings with the trial court on February 24, 1993. We dismissed that appeal on July 14, 1993, *see Selland II,* 503 N.W.2d at 242 (order interlocutory and not appealable), meanwhile, the trial court denied the application for stay, and proceeded with the divorce on February 26, 1993. Under the circumstances of this case, we conclude that the trial court did not lose jurisdiction to proceed with the divorce when Larry's appeal was clearly frivolous. *United Accounts, Inc. v. Teladvantage, Inc.,* 499 N.W.2d 115 (N.D. 1993).

Any issues remaining are either being raised for the first time on appeal, or are totally devoid of merit.

We affirm, and deem this appeal to be frivolous under Rule 38, N.D.R.App.P., and order that costs, and attorney fees in the amount of $250 be taxed against Larry.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.