J. N. LAMB and C. H. WHITE v. MAJOR & LOOMIS COMPANY.

(Filed 19 February, 1908).

1. **Judgments—Construction.**
    Whether a decree of the court should be considered as a con-
    tract, or otherwise, it should be so construed as to give effect to
    each and every part, and bring all the different parts into har-
    mony, as far as this can be done by fair and reasonable intend-
    ment.

2. **Same—Estates in Fee—Restrictive Hereditable Qualifications.**
    A decree declaring certain defined lands to be "the absolute
    lands of J. N. L., to have and to hold unto him and his heirs in fee
    simple forever," etc., providing "That a portion of said land, equal
    in valuation of one thousand dollars, upon the death of J. N. L.
    without lawful children surviving him, shall descend to those
    persons who would have taken by descent, in such event, the
    land descended to him from his mother; and that the remainder
    of said tract shall descend to those persons upon whom the law
    shall cast it at his death," should be construed to confer upon
    J. N. L. the land in fee with absolute power of disposition; and
    the proviso simply annexed to the land a restrictive hereditable
    quality, that in case he should die without having made disposi-
    tion of the same, and without children him surviving, it should,
    to the amount indicated, descend to his heirs *ex parte materna.*

CIVIL ACTION, heard and determined on case agreed, before
*O. H. Allen, J.,* at Fall Term, 1907, of the Superior Court of
PERQUIMANS County.

There was judgment for plaintiffs, and defendants excepted
and appealed.

*Aydlett & Ehringhaus* for plaintiffs.
*W. M. Bond* and *Charles Whedbee* for defendants.

HOKE, J.   Plaintiffs sued to recover $350 and interest, as
the purchase price of standing timber on a certain tract of
land in Perquimans County.   Defendants admitted having
entered into an obligation to pay plaintiffs that amount for
the timber, provided a good title thereto could be made by
plaintiffs, and resisted recovery on the ground that no such

title was forthcoming. Plaintiffs, having made formal tender of a deed conveying the timber to defendants, instituted the present action and recovered judgment.

The facts relevant to the inquiry, as set out in the case agreed, are as follows: "John N. Lamb, one of the plaintiffs and the owner by inheritance of several tracts of land, being of 'weak understanding and not expecting children to himself,' desired and intended that these lands, or a part of them, should go to the children of his brother, Benjamin F. Lamb, for 'their setting out and support in life,' and executed several conveyances in the endeavor to carry out this intent. It was afterwards ascertained that those deeds did not accomplish the purpose desired, and thereupon the parties interested brought the matter before the court, and, in an action regularly and properly constituted in the Superior Court of Perquimans County, at Spring Term, 1884, a decree was rendered, by which the rights and interests of the parties were established and declared, the portion of said decree referring especially to the tract of land now in question being expressed as follows: 'It is therefore considered and adjudged by the court that the tract of land named in the pleadings as containing 105 acres—bounded as follows, viz.: For boundaries, see the original survey made, according to agreement, under directions of Thomas E. Winslow, which is hereto annexed, marked "B," and which is to be registered as hereafter directed—be and is hereby declared to be the absolute property of the said John N. Lamb, to have and to hold unto him and his heirs in fee simple, forever. It is further considered and adjudged that, as appurtenant to and running with said land, the said John N. Lamb shall have right of drainage, where necessary, through the lands of the defendants, their heirs and assigns, forever. It is further considered and adjudged that a portion of said land, equal in valuation to $1,000, upon the death of the said John N. Lamb without lawful children him surviving, shall descend to those persons

who would have taken by descent, in such event, the land that descended to him from his mother, and that the remainder of said tract of land shall descend to those persons upon whom the law shall cast it at his death.' "

Afterwards, to-wit, in February, 1901, John N. Lamb conveyed this piece of property to his coplaintiff, C. H. White, reserving a life estate therein to himself, and .reciting that said White is to care for and maintain said Lamb during his natural life.   Both John N. Lamb, the grantor, and C. H. White, the grantee, in the last-mentioned deed, joined in this suit and in the deed for the timber tendered to defendants .before instituting the same.   The title of plaintiffs rests upon the decree as above set out, and defendants object to its validity on the ground that, by proper.construction, the second clause of the decree, "That a portion of said land equal in valuation to $1,000, on the death of said Lamb without children him surviving, shall descend to those persons who would have taken by descent, in such event, the land descended to him from his mother, and the remainder," etc., so qualifies the first, which gave to said Lamb the absolute ownership, that he has only a life estate in the property, or holds the same impressed with a trust to the amount of $1,000 in favor of "those persons who would take at his death the land inherited from his mother."   But we are of the opinion that this position cannot be sustained.

Whether the decree should be considered as a contract, as plaintiffs contend, or otherwise, it should be so construed as to give effect to each and every part of it, and bring all the different parts into harmony, as far as this can be done by fair and reasonable interpretation.   *Modlin v. Roanoke Railroad and Lumber Co.,* 145 N. C., 218; 23 Cyc., 1101.   And, applying this rule, we have no hesitation in holding that, by the terms and correct interpretation of this decree, John N. Lamb became and was the owner in fee of the property, with absolute power of disposition, and that the subsequent clause

placed no restriction on this power, but simply annexed to the land this restricted hereditable quality, that, in case he should die without having made disposition of the same, and without children him surviving, it should, to the amount indicated, descend to his heirs *ex parte materna,* this being, no doubt, for the reason that lands to some such amount had come to him in that line of descent. Our conclusion finds support in a later clause of the decree, referring to the same property, as follows: "It is further considered and adjudged that the said Benjamin F. Lamb make and execute to the said John N. Lamb a deed in fee simple to said tract of land; that the infant defendants execute a like deed upon their arriving at full age and as they reach their majority," showing that, as to this, J. N. Lamb was to be the absolute owner. The effect of this decree, then, being to place the title in John N. Lamb, with absolute power of disposition, and all the holders of that title having joined in tendering defendants a deed for the timber, and being parties plaintiff, there is no valid objection shown to the demand of plaintiffs, and the judgment rendered in their favor must be

Affirmed.