John J. CLARK, Plaintiff, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant, Appellee.

No. 6422.

United States Court of Appeals First Circuit.

April 21, 1965.

Francis C. McKenna, Framingham, for appellant.

Thomas P. O'Connor, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, WATERMAN,* Circuit Judge, and GIGNOUX, District Judge.

GIGNOUX, District Judge.

■ The plaintiff, John J. Clark, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review the final decision of the Secretary of Health, Education and Welfare that plaintiff was not entitled to widower's insurance benefits under Section 202(f) of the Act, 42 U.S.C.A. § 402(f).[1] The District Court granted a summary judgment in favor of defendant, and plaintiff appeals.

Section 202(f) (1) of the Act, 42 U.S.C.A. § 402(f) (1), provides in part that, to be eligible for widower's insurance benefits a widower must show that, from his deceased wife, he:

"(D) (i) was receiving at least one-half of his support, as determined in accordance with regulations prescribed by the Secretary, from such individual *at the time of her death* * * * and filed proof of such support within two years after the date of such death, * * * or (ii) was receiving at least one-half of his support, as determined in accordance with regulations prescribed by the Secretary, from such individual * * * *at the time she became entitled to old-age* * * * *benefits* * * * and filed proof of such support within two years after the month in which she became entitled to such benefits * * *." (Emphasis supplied.)

■■ Plaintiff's wife, a fully insured individual, reached retirement age in March 1960. She successfully applied for old-age benefits under the Act in October 1960 and died in the same month. The hearing examiner found that plaintiff, although otherwise fully qualified for widower's insurance benefits, was not receiving one-half of his support from his wife in October 1960.[2] We have no hesitation in holding that this finding of fact is supported by substantial evidence; therefore, it is conclusive in this proceeding for review. Section 205(g) of the Act, supra. The only serious issue is that presented by the examiner's determination that the time when plaintiff's wife "became entitled to old-age * * * benefits", within the meaning of Section 202(f) (1) (D) (ii), supra, was when she successfully applied therefor in October 1960, rather than when she first would have qualified for benefits had she then applied, which was March 1960. Plaintiff contends that March 1960 was the time prescribed by the statute for determining whether the support requirement was met, and that he was entitled to show that he was receiving one-half of his support from his wife at that time. We agree with the examiner that the October 1960 date controls.

■ In order to determine when plaintiff's wife became entitled to old-age benefits, we must look to Section 202(a) of the Act, 42 U.S.C.A. § 402(a). This section, as it read in 1960, set forth the conditions and time of entitlement to old-age benefits as follows:

"Every individual who—
"(1) is a fully insured individual * * *,

---

* Sitting by designation.

1. For the purpose of judicial review under Section 205(g) the hearing examiner's decision denying plaintiff's claim became the final decision of the Secretary when the Appeals Council of the Social Security Administration denied plaintiff's request for review. Conley v. Ribicoff, 294 F.2d 190 (9th Cir. 1961), Langford v. Flemming, 276 F.2d 215 (5th Cir. 1960); Goldman v. Folsom, 246 F.2d 776 (3d Cir. 1957).

2. Section 404.718 of Social Security Administration Regulation No. 4 (20 C.F.R. 404.718) provides that, to meet the statutory support requirement, a widower must show that he was receiving at least one-half of his support from his deceased wife "for a period of not less than one year" before the time of her death or the time she became entitled to old-age benefits.

"(2) has attained retirement age * * *, and

"(3) has filed application for old-age insurance benefits * * *

shall be entitled to an old-age insurance benefit for each month, beginning with the first month after August 1950 in which such individual becomes so entitled to such insurance benefits * * *."

This statutory language prescribes three prerequisites to entitlement to benefits—that the applicant is a fully insured individual, that the applicant has attained retirement age, and that the applicant *has filed an application* for benefits. It plainly fixes the time when an applicant becomes entitled to benefits as the first month in which all three conditions, including the filing of an application, are met. The first month in which plaintiff's wife met all these conditions was the month of October 1960 when she filed her application. While she could have qualified for benefits in March 1960 by filing an application at that time, this does not change the fact that it was not until October 1960, when she actually did file, that the statutory requirements for entitlement were satisfied. As put somewhat differently in Bender v. Celebrezze, 332 F.2d 113, 115–116 (7th Cir. 1964),

"The Social Security Act, 42 U.S.C. § 402(a) makes the filing of an application a substantive condition precedent to entitlement to benefits. Medalia v. Folsom, D.C., Mass., 1955, 135 F.Supp. 19; McNally v. Flemming, D.C., N.J., 1960, 183 F.Supp. 309; Coy v. Folsom, 3 Cir., 1955, 228 F.2d 276."

Plaintiff argues that the month in which a wife happens to apply for old-age benefits is such a fortuitous date that Congress could not have intended to make it the controlling date for determining whether the support requirement for widower's benefits is met. For this reason, plaintiff contends that Congress must have intended that the controlling time for determining qualification for widower's benefits should be the first month for which the wife was entitled to an old-age benefit under Section 202(j)(1) of the Act, 42 U.S.C.A. § 402(j)(1), which provides in part:

"An individual who would have been entitled to a benefit under subsections (a)–(g) or (h) of this section for any month after August 1950 had he filed application therefor prior to the end of such month shall be entitled to such benefit for such month if he files application therefor prior to the end of the twelfth month immediately succeeding such month."

We cannot accept plaintiff's argument. In the first place, the Act itself distinguishes between the month *in which* an individual becomes entitled to benefits and the month *for which* he becomes so entitled. Compare Section 202(f)(1)(D)(ii), supra, and Section 202(a), supra, with Section 202(j)(1), supra. In the second place, while we recognize that the first month in which a wife successfully could have applied for benefits (usually the month when she reaches retirement age) is a more meaningful time to measure her contribution to her husband's support than a later month in which she happens to apply, the argument proves too much. Section 202(j)(1), supra, on which plaintiff relies, does not render any wife who finally applies entitled to a benefit for the first month in which she would have been entitled had she then applied; it makes a wife so entitled only if she applies within twelve months after such month. Had Congress recognized any compelling policy to make the first month in which a wife could have qualified for benefits the controlling time for determining whether the support requirement for widower's benefits is met, Congress would not have arbitrarily made it unavailable when the wife's application is filed more than one year thereafter.

Judgment will be entered affirming the judgment of the District Court.