**Myrna Kay ANDERSON, Plaintiff and Appellee,**

v.

**Lane Thomas ANDERSON, Defendant and Appellant.**

Civ. No. 930331.

Supreme Court of North Dakota.

Oct. 3, 1994.

Cathy L. Schmitz (argued), Schmitz Law Office, Williston, for plaintiff and appellee, appearance by Marlyce Wilder, Williston.

Ross L. Sundeen (argued), Johnson Law Office, Watford City, for defendant and appellant, appearance by Dennis E. Johnson, Watford City.

NEUMANN, Justice.

Lane Thomas Anderson appeals from the district court judgment awarding Myrna Kay Anderson $12,720.44. We affirm.

Lane and Myrna were divorced on December 30, 1983. The decree was based on a stipulation entered into by the parties. This stipulation was incorporated into the divorce judgment by reference. One provision of the stipulation provided that:

> "[Lane] shall be responsible for room, board, tuition and books for four years of college for each child so long as the child maintains passing grades. [Lane] shall receive credit toward that educational responsibility for past or future cash gifts specifically given to the children by [his] parents. In other words, [Lane's] parents have started giving some funds and those funds are to be applied to the college expense. [Lane's] responsibility for the children's college expenses commences after the funds that the children now have and which will continue to accumulate have been spent. If the children's savings do not take care of their college education through the four years, [Lane] will be responsible to make up the difference. It is understood that the savings referred to are the savings that have been provided by [Lane's] parents, and shall include any further gifts given by [Lane's] parents to the children.... Those funds are to be used first. After that the expenses become [Lane's] responsibility."

It is this education provision which presents the issue in this appeal.

Lane's oldest child, Teri Lynn, attended the University of North Dakota at Grand Forks from the fall of 1988 through the spring of 1991. Over the course of six semesters and one summer session, Teri Lynn

earned degrees in political science and psychology. During the 1991–92 school year, Teri Lynn attended her first year of law school at the University of Missouri at Kansas City.

Teri Lynn's first three years of college were funded by a combination of an academic scholarship, earned income, and funds from an educational trust established by her paternal grandparents. During her fourth year, Teri Lynn exhausted the funds of her educational trust, at which point she requested financial assistance from her father, Lane. This request was denied, and as a result, Teri Lynn was forced to fund her education through student loans. Myrna, Teri Lynn's mother, moved the district court for an order that judgment be entered against Lane for the costs of the fourth year of Teri Lynn's education. The district court awarded Myrna $12,720.44. Lane appeals.

Lane argues first, that interpretation of judgments is a matter of law, and therefore our review in the instant case should be *de novo*; second, that North Dakota trial courts are only allowed to enforce children's tuition agreements until the child reaches the age of twenty-three; and finally, that a parent subject to a tuition agreement need only pay the equivalent of tuition at a comparable in-state public institution.

## I. Standard of Review

This action came before the trial court as a stipulation by the parties which was wholly incorporated into the divorce judgment and, therefore, was completely merged into the judgment. *Sullivan v. Quist*, 506 N.W.2d 394, 400 (N.D.1993). Because of this merger, we are now concerned with interpretations of that judgment, and not with any underlying contractual obligations. *Id.*

When a judgment is "vague, uncertain, or ambiguous, the court may clarify the judgment." *Id.* at 398. Should the judgment be unambiguous, its interpretation " 'presents a question of law for the court.' " *Id.* at 401 (quoting 49 C.J.S. *Judgments* § 436 (1947)). The phrase "four years of college" is both vague and uncertain and, therefore, requires clarification.

Where, as here, the clarification has been done by the same trial court which ordered entry of the original judgment, logic suggests we should afford such a clarification considerable deference. Minnesota is another jurisdiction which has applied a deferential standard when reviewing such clarifications. *Hanson v. Hanson*, 379 N.W.2d 230, 232 (Minn.Ct.App.1985) (citing *Stieler v. Stieler*, 244 Minn. 312, 70 N.W.2d 127, 131 (1955)); *see also Palmi v. Palmi*, 273 Minn. 97, 140 N.W.2d 77, 81 (1966), *Auer v. Scott*, 494 N.W.2d 54, 58 (Minn.Ct.App.1992), *Head v. Metropolitan Life Ins. Co.*, 449 N.W.2d 449, 453 (Minn.Ct.App.1989), *pet. for rev. denied* (Minn. Feb. 21, 1990), *Jensen v. Jensen*, 440 N.W.2d 152, 155 (Minn.Ct.App.1989), *Mikoda v. Mikoda*, 413 N.W.2d 238, 241 (Minn. Ct.App.1987), *Witt v. Witt*, 350 N.W.2d 380, 381 (Minn.Ct.App.1984). "[T]he [Minnesota] [S]upreme [C]ourt held that where the terms of a judgment are ambiguous or indefinite, upon a party's motion, the court that ordered the judgment may clarify or interpret it." *Hanson*, 379 N.W.2d at 232 (citing *Stieler*, 70 N.W.2d at 131). Such "a clarification does not result in a judgment different from that originally ordered, but serves only to express accurately the thoughts which the original judgment intended to convey." *Id.* (citing *Stieler*, 70 N.W.2d at 132). We are persuaded by the logic of permitting a trial court, upon motion by a party, the ability to clarify its previous judgment. A clarification must, however, truly be a clarification of the original judgment and not merely a trial court's vehicle for amending or changing its original decree. *See Mitchell v. Mitchell*, 307 Mich. 366, 11 N.W.2d 922, 923 (1943) (requiring that clarifications of divorce decrees are to "be made with reference to the findings of fact and conclusions of law" of the original decree).

Because a court is clarifying its own decree, it quite naturally is in a position superior to ours for the construction of items commonly referred to as findings of fact. It only follows then that "[c]onstruction of its own decree by the trial court must be given great weight in determining the intent of the trial court." *Palmi v. Palmi*, 140 N.W.2d 77, 82 (Minn.1966). On the other hand, when one court interprets the decree of another

court, the interpreting court is in no better position than we are to determine the original judge's intentions should the decree contain ambiguities. This Court reviews such interpretations *de novo. Sullivan,* 506 N.W.2d at 401.

The parties in the instant case have come before the same judge who originally heard the case in order to request clarification. After a hearing, the judge held that Lane was liable for Teri Lynn's fourth year of education and entered judgment accordingly. This case closely parallels *Sullivan,* 506 N.W.2d 394, in which we found the phrase " 'costs and expenses incurred in educating' the children 'beyond the secondary school level' " to be ambiguous and requiring clarification. *Id.* at 398. Since the judge's ruling in the instant case is a clarification of his earlier judgment, his factual constructions are reviewed with great deference.

■ This clarification concerns a stipulated support order. Property divisions, child support, and irreconcilable differences are all findings of fact and traditionally our review of these issues is controlled by Rule 52(a), N.D.R.Civ.P., which defines the scope of our review. *Larson v. Larson,* 234 N.W.2d 861, 864 (N.D.1975). A trial court's findings of fact will not be overturned unless they are clearly erroneous. N.D.R.Civ.P. 52(a). Because the decree issuing court here is merely clarifying an ambiguity traditionally defined as a finding of fact, we will review this clarification as such.

■ Findings of fact are subject to the "clearly erroneous" standard of review. *Id.* We have reviewed the trial court's clarification of its own initial finding of fact, and determine that it is not clearly erroneous.

## II.  Enforceability of Tuition Agreements

■ Lane argues that this court has limited a trial court's ability to enforce a child's educational payments only through the age of twenty-two. He is correct that this court has upheld an educational trust designated to be paid until the beneficiaries reached the age of twenty-three. In *Davis v. Davis,* 268 N.W.2d 769, 778 (N.D.1978) (overruled on other grounds by *Nelson v. Trinity Medical Ctr.,* 419 N.W.2d 886, 889 (N.D.1988)), we "held that [this] require[ment of] payment toward a child's college education through age twenty-two was proper under Section 14–05–24, N.D.C.C." It would be an error, however, to read this to mean that such a trust, indeed any college payment, necessarily must expire on the beneficiaries' twenty-third birthday. We decline to set hard, fast age limits for support, but rather rely on the trial court's informed discretion to determine such matters.

## III.  Limitations Based on Tuition Costs

Lane's final argument is that his obligation should extend only to the cost of attending law school at the University of North Dakota, the other school at which Teri Lynn was accepted. This court has never directly faced this issue. Other courts, however, have faced similar problems and we find Pennsylvania's approach persuasive. The Superior Court of Pennsylvania has stated that

"[w]e are reluctant to formulate a rule which would, in all cases, prevent a child from attending the college of his choice simply because it is more expensive than the state-supported university. On the other hand, we do not believe that the child should have absolute discretion in selecting a college, and thereby unilaterally increasing the father's support obligation. The determination of whether such an additional burden should be imposed on the father is a matter for the trial court."

*Commonwealth v. Larsen,* 211 Pa.Super. 30, 234 A.2d 18, 20 (1967).

We recognize that in situations like this a balance must be struck. In 1978 we noted the ever "increasing necessity of a college education ... as well as the tremendous escalation of the costs of securing such an education." *Davis,* 268 N.W.2d at 778. Balancing these countervailing forces is a job for which the trial court is uniquely qualified.

Among the issues that should be analyzed and ascertained by the trial court are

"what advantages are offered by the more expensive college in relation to the child's

individual needs, aptitude, ability, and the child's anticipated vocation. It must then weigh these advantages against the increased hardship that would be imposed on the [parent] to determine whether the additional expense is reasonable under the circumstances. We realize that a judge who sees and hears the witnesses in a case such as this is in a better position than this Court to decide this problem...."

*Larsen,* 234 A.2d at 20. *See also Rohn v. Thuma,* 408 N.E.2d 578, 583 (Ind.Ct.App. 2nd Dist.1980) (stating that "[c]ertainly, there are some instances in which a father would not be overburdened by the cost of a private school and where his child's lifestyle, intellect, and chosen vocation make" a private education appropriate); and *Elizer v. Elizer,* 36 Ill.App.3d 552, 344 N.E.2d 493, 495 (Ill.App.Ct. 5th Dist.1976) (determining that the amount to be paid for educational expenses "depends upon the needs of the children and the ability of the [parent] to pay").

The trial court here found that Lane did not refuse to allow Teri Lynn to attend school out of state, but did refuse to cooperate in helping her to secure student loans, and refused to contribute any money toward her education. This, coupled with the fact that Lane presented nothing which would lead the trial court to believe that he is lacking the means to make such a contribution, led to the trial court's conclusion.

Findings of fact of the trial court will not be disturbed absent a showing that they are clearly erroneous. N.D.R.Civ.P. 52(a). We have reviewed the court's findings and they are not clearly erroneous.

Affirmed.

MESCHKE and SANDSTROM, JJ., concur.

VANDE WALLE, C.J., and LEVINE, J., concur in the result.