2007 ND 167

**Kyle KIENZLE, Plaintiff and Appellee**

v.

**Jessica SELENSKY f/k/a Jessica Yantzer, Defendant and Appellant.**

No. 20060364.

Supreme Court of North Dakota.

Oct. 19, 2007.

Brenda A. Neubauer, Neubauer & Oster, Bismarck, N.D., for plaintiff and appellee.

Anne E. Summers (argued) and Edwin W.F. Dyer III (on brief), Dyer & Summers, P.C., Bismarck, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Jessica Selensky, formerly known as Jessica Yantzer, appeals from an amended judgment granting Kyle Kienzle's motion to change the residence of the parties' child to North Carolina. We conclude Kienzle has primary physical custody of the child for purposes of deciding this relocation motion, and we affirm the district court's relocation decision.

I

[¶ 2] Selensky and Kienzle have one child together, and have never been married to each other. In 1998, a stipulated judgment was entered awarding custody of the child:

That the parties agree that they shall share joint custody of their minor child

... with [Kienzle] having primary physical control. Both parties shall have unrestricted access to the minor child with each party contributing equal time in the minor child's upbringing and daily care. Both parties further agree that Joint custody shall be specifically defined to mean that the parties shall advise and consult with each other in matters relating to the health, education and welfare of the child, and the parties agree to cooperate with one another in establishing mutually acceptable guidelines and standards for the minor child's development, education and health. The parties further agree to discuss all major issues jointly. Each of the parties will have full and complete access to all educational, medical, and legal records of the minor child during her minority without the necessity of obtaining the consent of the other.

The parties also agreed to share the child's expenses, and neither party was awarded child support.

[¶ 3] After the initial judgment was entered, the child resided with Kienzle and Selensky had visitation. Initially, both parties lived in Bismarck, but in 1999, Kienzle moved to Fargo, and the initial judgment was amended by stipulation to provide a visitation schedule for Selensky, including weekends and six weeks of summer visitation. The parties were flexible with the visitation schedule, and Selensky often had more visitation than was required by the judgment, including ten weeks of summer visitation.

[¶ 4] In 2002, the parties stipulated to amend the judgment and a second amended judgment was entered. The second amended judgment contained the same language as the original judgment about custody of the child, but added a child support provision requiring Selensky to pay $217 per month in child support.

[¶ 5] In 2006, Kienzle moved for permission to relocate to North Carolina with the parties' child. Selensky opposed the motion, arguing the move was not in the child's best interests, and claiming the court must modify custody before deciding whether to allow Kienzle to relocate out-of-state because the parties have joint legal and physical custody of the child. After a hearing, the district court concluded Kienzle had primary physical custody of the child and granted his motion to relocate, finding the move was in the child's best interests.

II

[¶ 6] Selensky argues the parties have joint legal and physical custody of the child, and therefore the district court erred as a matter of law in failing to decide whether the best interests of the child require a change in primary custody to Kienzle before deciding whether to allow him to move to North Carolina with the child.

[¶ 7] When parents have joint legal and physical custody of a child, a majority of this Court held the district court must first determine whether the best interests of the child require a change in primary custody to the parent who wishes to relocate. *Maynard v. McNett*, 2006 ND 36; ¶ 21, 710 N.W.2d 369.

[¶ 8] In this case, the district court concluded Kienzle had primary physical custody of the child under the terms of the stipulated judgment. The court said, "[t]his case is not one in which there is joint legal and joint physical custody. The parties agreed that Mr. Kienzle would have primary physical control, and he has, in fact, had primary physical custody over a period of many years." Selensky argues the district court erred in its interpretation of the judgment. She claims the court only considered the amount of time the

child spends with each parent, and not the language of the judgment or the parties' intent when they entered into the stipulation.

[¶ 9] Whether a judgment declared a primary custodian requires an interpretation of the judgment, which is a question of law. *Maynard,* 2006 ND 36, ¶ 8, 710 N.W.2d 369. Questions of law are fully reviewable on appeal. *Knoop v. Knoop,* 542 N.W.2d 114, 117 (N.D.1996).

[¶ 10] When a stipulation is incorporated into a judgment, "the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties." *Silbernagel v. Silbernagel,* 2007 ND 124, ¶ 10, 736 N.W.2d 441. When the language of a judgment is clear and unambiguous, the judgment must be construed to give effect to the unambiguous language, but "[i]f the language of a judgment is ambiguous, we give great weight to a [district] court's construction of its own decree[,]" unless the court misapplies the law in interpreting the judgment. *Knoop,* 542 N.W.2d at 117. *See also Anderson v. Anderson,* 522 N.W.2d 476, 478–79 (N.D.1994). Extrinsic evidence of the parties' intent may only be considered "when a stipulation is incorporated into a judgment if, after an examination of the judgment, the stipulated language is ambiguous and the incorporating court's intent cannot be determined." *Silbernagel,* at ¶ 10.

[¶ 11] The judgment provides the parties will share joint custody, with Kienzle having primary physical control of the child. The judgment specifically defines joint custody in a manner that is generally associated with joint legal custody and does not include physical custody. The judgment does not define primary physical control, and we conclude the language is ambiguous. Although the language is am-

biguous, we will not consider the parties' intent when they entered into the stipulation as Selensky urges us to do because the incorporating court's intent can be determined. Judge Gail Hagerty ordered entry of the initial and amended judgments in this case. The amended judgments contain provisions for Selensky to have visitation with the child. Visitation provisions are consistent with the determination of the district court that Kienzle is the custodial parent. *See* N.D.C.C. § 14–05–22(2). Judge Hagerty also presided over the relocation proceedings, and addressed whether the parties had joint physical custody of the child. Judge Hagerty concluded Kienzle has primary physical custody of the child under the terms of the stipulated judgment, and we give great weight to that interpretation.

[¶ 12] We conclude Kienzle has primary physical custody of the child, and therefore the district court did not err in failing to decide whether the best interests of the child require a change in primary physical custody before deciding whether to allow Kienzle to change the child's residence to North Carolina.

## III

[¶ 13] A custodial parent may not change the residence of the child to another state except upon order of the court or with the noncustodial parent's consent. N.D.C.C. § 14–09–07. In deciding whether to grant a relocation request, a court's primary consideration is whether the move is in the child's best interests, and the court must apply the four *Stout–Hawkinson* factors in making its decision:

1. The prospective advantages of the move in improving the custodial parent's and child's quality of life,

2. The integrity of the custodial parent's motive for relocation, considering

whether it is to defeat or deter visitation by the noncustodial parent,

3. The integrity of the noncustodial parent's motives for opposing the move,

. . . .

4. The potential negative impact on the relationship between the noncustodial parent and the child, including whether there is a realistic opportunity for visitation which can provide an adequate basis for preserving and fostering the noncustodial parent's relationship with the child if relocation is allowed, and the likelihood that each parent will comply with such alternate visitation.

*Dvorak v. Dvorak*, 2006 ND 171, ¶¶ 12–13, 719 N.W.2d 362. The district court must analyze all four factors in making its decision. *Porter v. Porter*, 2006 ND 123, ¶ 6, 714 N.W.2d 865. One factor is not dominant, and a factor that may not be important in one case may be more significant in another case. *Id.*

 [¶ 14] A district court's decision whether to allow relocation is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Dvorak*, 2006 ND 171, ¶ 11, 719 N.W.2d 362. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, although there is some evidence to support the finding, on the entire evidence, we are left with a definite and firm conviction a mistake has been made. *Id.* Under the clearly erroneous standard of review, we do not reweigh evidence or reassess witness credibility when the evidence supports the court's findings. *Porter*, 2006 ND 123, ¶ 5, 714 N.W.2d 865.

[¶ 15] Selensky argues the district court's finding that the move is in the child's best interests is clearly erroneous. She claims Kienzle did not adequately prove the economic benefits of the move, and the court did not find the move would improve the child's quality of life. She also questions Kienzle's motives for moving, and she claims the fourth *Stout–Hawkinson* factor does not support Kienzle's request to relocate because Kienzle's behavior shows an intent to frustrate visitation.

[¶ 16] Under the first factor, the court must consider the enhanced economic and noneconomic aspects of the custodial family's life, while recognizing the importance of maintaining continuity and stability in the custodial family. *Dickson v. Dickson*, 2001 ND 157, ¶ 12, 634 N.W.2d 76. We have recognized that an improvement in the custodial parent's quality of life will generally indirectly benefit the child. *Goff v. Goff*, 1999 ND 95, ¶ 13, 593 N.W.2d 768. The district court found the first factor favored allowing relocation because it would improve Kienzle's and the child's quality of life:

In the present case, there are apparent advantages of the move to improve Mr. Kienzle's life and the quality of life of [the child]. While [the child] has enjoyed a happy and healthy lifestyle in Fargo, Mr. Kienzle's employment opportunities there are limited. He has a highly specialized area of expertise. He lost his employment in Fargo and is able to pursue opportunities in North Carolina that would not be available in Fargo.

Based on the evidence, it is clear Mr. Kienzle made a good faith effort to find employment in the Fargo area and in North Dakota, but was unable to find suitable employment. The evidence suggests suitable employment was not available to him in a timely fashion.

The move will not only benefit Mr. Kienzle, it will benefit his family, of which [the child] is a member. Mr. Kienzle is married and has another child

with whom [the parties' child] is being raised. The move will provide the family with income and a good living situation. Kienzle testified his employment was terminated when the company he was working for laid off many of its employees, including his wife who was also a company employee. He testified his employment experience is in the information technology field, he has a degree in management information systems, and he was working as an account manager selling and managing accounting software. He testified he searched for a job in North Dakota by contacting friends and other associates in his field, and by applying for jobs through Job Service of North Dakota and utilizing job search websites, but he was unable to secure employment. He testified he received multiple offers of employment, but all of the positions would require relocating out-of-state and the position in North Carolina was the best offer. The evidence supports the court's findings.

[¶ 17] Under the second and third factors, the district court found Selensky opposed the move because she wanted the child living closer to her to facilitate visitation, and Kienzle's motive to move was not intended to defeat or deter visitation. The court also found there was no indication Kienzle had not supported visitation in the past and assisted in making visitation possible. There was evidence the parties worked together with a flexible visitation schedule. Kienzle testified he allowed Selensky more visitation than the judgment provided, and Selensky's testimony supports this. There was no evidence Kienzle has frustrated or denied Selensky visitation in the past, or that he would not comply with ordered visitation in the future. The court's findings about the second and third factors are supported by the evidence.

[¶ 18] The district court found the move would have a negative impact on the opportunities for visitation, but would not necessarily have a negative impact on the child's relationship with Selensky. Based on Kienzle's prior conduct, the court found he would cooperate fully in encouraging and enabling visitation if he was allowed to relocate. The court established a visitation schedule giving Selensky extended visitation every year during Christmas, spring break, and at least eight weeks during the summer, and required Kienzle to pay the child's transportation costs for visitation and at least one half of the costs of having an adult accompany the child. The court also encouraged regular telephone and other communication between the child and Selensky. The evidence supports the court's finding that the fourth factor weighs in favor of allowing relocation.

[¶ 19] The evidence supports the court's findings, and we are not left with a definite and firm conviction a mistake has been made. We conclude the district court's finding that the relocation is in the child's best interests is not clearly erroneous.

IV

[¶ 20] We conclude Kienzle had primary physical custody of the parties' child for purposes of deciding this relocation motion, and we affirm the amended judgment.

[¶ 21] GERALD W. VANDE WALLE, C.J., DONOVAN J. FOUGHTY, D.J., MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 22] The Honorable DONOVAN JOHN FOUGHTY, D.J., sitting in place of SANDSTROM, J., disqualified.