2009 ND 11

**Maureen S. SLORBY, n.k.a. Maureen Ferguson, Plaintiff and Appellee**

v.

**Tom P. SLORBY, Defendant and Appellant.**

**No. 20080105.**

Supreme Court of North Dakota.

Feb. 3, 2009.

Erin Muldoon Haug (on brief), Ohnstad Twichell, PC, West Fargo, ND, for plaintiff and appellee.

Gary R. Sorensen (on brief), Sorensen Law Firm, Minot, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Tom P. Slorby appeals the district court's order denying his motion to abate spousal support. We reverse, concluding the district court erred in denying Tom Slorby's motion to abate spousal support, and we remand for a calculation consistent with this opinion.

I

[¶ 2] Tom Slorby and Maureen S. Slorby were divorced in April 1999. The original divorce judgment did not require either party to pay spousal support. In 2001, the judgment was amended by stipulation. The amended judgment required Tom Slorby to pay $1,000 a month in spousal support starting in September 2001, until Maureen Slorby's death or remarriage, but not beyond January 2011. By stipulation, the judgment was amended again in 2004 to increase Tom Slorby's support obligation to $2,000 per month from $1,000 per month and to add a term ending Tom Slorby's support obligation when Maureen Slorby is eligible to receive social security benefits. The second amended judgment provided:

"[T]he defendant [Tom Slorby] shall pay the plaintiff [Maureen Slorby] as and for spousal support the sum of $1,000 per month from September 1, 2001 until March of 2003. Commencing in April 1, 2003, defendant [Tom Slorby] shall pay $1,500.00 per month spousal support until March 1, 2004. Commencing March 1, 2004, Defendant [Tom Slorby] shall pay $2,000.00 per month. The plaintiff [Maureen Slorby] acknowledges receipt of all payments of said spousal support sums through and including August 2004. The $2,000.00 per month payment shall continue until the plaintiff's [Maureen Slorby] death, remarriage, until she co-habits with a male adult not related to her or until she is eligible to receive Social Security benefits, but in no event beyond January 1, 2011, whichever occurs soonest. It is agreed that this provision is fair, just and equitable it is enforceable under North Dakota law and the Courts shall be divested of jurisdiction to modify spousal support in any manner whatsoever in amount, term, duration or otherwise upon entry of amended judgment herein except should defendant [Tom Slorby] become disabled. This agreement is further entered into by way of contract."

[¶ 3] In November 2007, Tom Slorby brought a Motion to Abate his spousal support obligation as of January 31, 2008 because Maureen Slorby became eligible to receive Social Security benefits on January 15, 2008. After a hearing on the motion, the district court denied Tom Slorby's motion stating, "Considering these agreements as a whole the intent appears to be clear that the spousal support would continue until January, 2011 when [Maureen Slorby] turns sixty five (65) years old." The court also concluded, "The plain language of the second amendment lists several options which may activate the termination of the spousal support and the court concludes the exact date was inserted to identify the date on which [Maureen Slor-

by] would become eligible to receive benefits under this agreement."

## II

[¶ 4] Tom Slorby argues the district court erred in denying his motion to abate spousal support because Maureen Slorby became eligible to receive Social Security benefits on January 15, 2008. "[A] settlement agreement that is wholly incorporated into the divorce judgment is merged into that judgment and ceases to be independently viable or enforceable." *Sullivan v. Quist*, 506 N.W.2d 394, 399 (N.D.1993). "Once a settlement agreement is merged into a judgment, the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties." *Silbernagel v. Silbernagel*, 2007 ND 124, ¶ 10, 736 N.W.2d 441. Interpretation of a judgment is a question of law. *Kienzle v. Selensky*, 2007 ND 167, ¶ 9, 740 N.W.2d 393. "Questions of law are fully reviewable on appeal." *Id.* (citing *Knoop v. Knoop*, 542 N.W.2d 114, 117 (N.D.1996)).

[¶ 5] If the language of a judgment is ambiguous, meaning the "language can be reasonably construed as having a least two alternative meanings," construction is allowed. *Glasser v. Glasser*, 2006 ND 238, ¶ 10, 724 N.W.2d 144. However, "if the language [of the judgment] is unambiguous and plain, neither construction nor interpretation is allowed, and the effect of the language must be based on the language's literal meaning." *Id.* When interpreting a judgment, the language of the judgment should be "construed as to give effect to each and every part of it, and bring all different parts into harmony as far as this can be done by fair and reasonable interpretation." *Sullivan*, 506 N.W.2d at 401 (quoting *Lamb v. Major & Loomis Co.*, 146 N.C. 531, 60 S.E. 425, 426 (1908)).

[¶ 6] Since the parties stipulation was incorporated verbatim into the amended judgment, "we are concerned only with [the] interpretation . . . of the judgment [and] not with the underlying contract." *Botner v. Botner*, 545 N.W.2d 188, 190 (N.D.1996). The district court's application of a contract analysis instead of a judgment analysis is incorrect, but harmless because "the rules for interpreting judgments mirror the rules for interpreting contracts." *Silbernagel*, 2007 ND 124, ¶ 10, 736 N.W.2d 441.

[¶ 7] This dispute centers around addition of the terms "eligible to receive Social Security benefits" in the second amended judgment. The district court determined this phrase was not ambiguous and ordered Tom Slorby to continue paying spousal support until January 1, 2011, when Maureen Slorby reached sixty-five years old. In making this determination, the district court stated, "The Court concludes ordinary retirement age when a person receives full benefits has commonly been understood to be sixty-five (65) years old, although that exact ages varies today under current federal law based on when you were born."

[¶ 8] Tom Slorby agrees the language of the second amended judgment is not ambiguous. However, Tom Slorby argues the district court erred in requiring him to pay spousal support until January 1, 2011 because Maureen Slorby does not have to be sixty-five years old to be eligible to receive social security benefits. Tom Slorby contends his spousal support obligation should have terminated on January 15, 2008 because Maureen Slorby was eligible to receive social security benefits on that day since she turned sixty-two years old and had earned enough credits to receive social security benefits.

[¶ 9]   After considering all of the agreements as a whole, we are convinced the district court's decision fails to give effect to each and every part of the judgment as required by *Sullivan.*   506 N.W.2d at 401. The first amended judgment stated spousal support would continue until "[Maureen Slorby's] death or remarriage, but not beyond January, 2011."   Under the second amended judgment Tom Slorby's monthly spousal support obligation doubled and he was required to pay support until Maureen Slorby's "death, remarriage, until she cohabits with a male adult not related to her or until she is eligible to receive Social Security benefits, but in no event beyond January 1, 2011 whichever occurs soonest."

[¶ 10]   The district court's determination that "the exact date [of January 1, 2011] was inserted to identify the date on which [Maureen Slorby] would become eligible to receive benefits under this agreement," fails to give effect to each and every part of the judgment as required by *Sullivan* because it disregards that Tom Slorby's monthly support was increased in 2004 from $1,000 to $2,000 per month and that the social security language was added by the second amended judgment. Since the judgment was first amended in 2001, January 2011 has always been the cut-off date, unless one of the conditions for earlier termination were met.   The second amended judgment makes it clear the "eligible to receive Social Security" language was added by the parties to terminate Tom Slorby's spousal support prior to January 1, 2011 if Maureen Slorby became eligible to receive social security benefits prior to that date.

[¶ 11]   We agree the phrase "eligible to receive Social Security benefits" is not ambiguous in the context of this case.   Since the judgment language is unambiguous, "the effect of the language must be based on the language's literal meaning." *Glas-*

*ser,* 2006 ND 238, ¶ 10, 724 N.W.2d 144. Eligible is defined as "fit and proper to be selected or to receive a benefit." *Black's Law Dictionary* 559 (8th ed.2004).   The record indicates Maureen Slorby received a social security statement on October 24, 2007, stating that as of her sixty-second birthday, January 15, 2008, she will be eligible to receive $337 a month in social security benefits.   However, the district court believed Tom Slorby's spousal support obligation should continue until Maureen Slorby reaches sixty-five years old because Maureen Slorby's social security statement revealed she was only eligible to receive partial benefits rather than full social security benefits.   Closer inspection of Maureen Slorby's social security statement reveals she is not entitled to receive full social security benefits until January 15, 2012, when Maureen Slorby reaches the age of sixty-six years old.   Maureen Slorby will be eligible to receive $629 a month when she becomes sixty-six years old.   The plain language of the second amended judgment does not require Maureen Slorby to be sixty-five years old or to be eligible to receive full social security benefits.   The second amended judgment does not even require Maureen Slorby to receive the social security benefits.   The only requirement of the second amended judgment is that Maureen Slorby be eligible to receive any social security benefits. Maureen Slorby's social security statement demonstrates that as of January 15, 2008, she was eligible to receive social security benefits.

[¶ 12]   To actually receive the $337 in social security benefits that Maureen Slorby is eligible for, she would have to file an application.   Maureen Slorby argues Tom Slorby's spousal support should continue because she is not eligible to receive social security benefits since she has not filed an application.   Whether Maureen

Slorby has applied for social security benefits is irrelevant because the second amended judgment does not require her to apply for or to actually receive the benefits. To hold otherwise would allow Maureen Slorby to dictate when Tom Slorby's spousal support obligation would cease because she could choose not to file an application until January 1, 2011. Such an interpretation is not supported by the plain language of the second amended judgment.

[¶ 13] We have stated that a "judgment, [plain and unambiguous in its terms,] may not be modified, enlarged, restricted, or diminished." *Glasser*, 2006 ND 238, ¶ 10, 724 N.W.2d 144. The district court improperly modified an unambiguous second amended judgment by requiring Tom Slorby to continue to pay spousal support until January 1, 2011, when Maureen Slorby reaches the age of sixty-five. The second amended judgment is clear that Tom Slorby's spousal support obligation terminates when Maureen Slorby becomes eligible to receive social security benefits. Tom Slorby's spousal support obligation terminated on January 15, 2008 because that is the date Maureen Slorby became eligible to receive social security benefits.

## III

[¶ 14] We reverse the district court's order, concluding the court erred in denying Tom Slorby's motion to abate spousal support, and we remand for a calculation consistent with this opinion.

[¶ 15] DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

MARING, Justice, dissenting.

[¶ 16] I respectfully dissent. I would affirm the district court's order denying Tom Slorby's motion to abate the spousal support.

[¶ 17] When a divorce stipulation has been incorporated into a judgment, this Court is concerned with the interpretation and enforcement of the judgment, not the underlying contract. *Lee v. Lee*, 2005 ND 129, ¶ 6, 699 N.W.2d 842. "Interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished." *Dakutak v. Dakutak*, 1997 ND 76, ¶ 6, 562 N.W.2d 750. However, if the judgment is ambiguous, the district court may clarify the judgment. *Anderson v. Anderson*, 522 N.W.2d 476, 478 (N.D.1994). Our Court has said that if the judgment is ambiguous and the clarification has been provided by the same district court that ordered entry of the original judgment, we will afford such a clarification considerable deference. *Id.* at 478–79. "On the other hand, when one court interprets the decree of another court, the interpreting court is in no better position than we are to determine the original judge's intentions should the decree contain ambiguities. This Court reviews such interpretations *de novo*." *Id.* (citing *Sullivan v. Quist*, 506 N.W.2d 394, 401 (N.D.1993)).

[¶ 18] In *Sullivan v. Quist*, we set forth the general guidelines for the interpretation of judgments:

"The legal operation and effect of a judgment must be ascertained by a construction and interpretation of its terms, and this presents a question of law for the court. If the language used in a judgment is ambiguous there is room for construction, *but if the language employed is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used.*"

506 N.W.2d at 401 (quoting *Henry S. Grinde Corp. v. Klindworth,* 77 N.D. 597, 44 N.W.2d 417, 427–28 (1950) (On Petition for Rehearing) (emphasis added)). "[W]hether a judgment is ambiguous is a question of law for the court to decide." *Dakutak,* 1997 ND 76, ¶ 6, 562 N.W.2d 750. A judgment is ambiguous if it is capable of more than one rational interpretation. *Id.*

[¶ 19] In the present case, the district court construed the second amended judgment as unambiguous. Tom Slorby also takes the position that the second amended judgment is unambiguous. Although the district court improperly applied a contract analysis to the stipulation, I am of the opinion it nevertheless reached the correct result in concluding the second amended judgment required Tom Slorby to continue to pay Maureen Slorby spousal support until January 1, 2011. We have held that where the district court improperly applied a contract analysis to a stipulation when it should have applied the rules for interpretation of judgments, this Court will not set aside a correct result merely because the district court assigned an incorrect reason, if the result is the same under the correct law and reasoning. *Botner v. Botner,* 545 N.W.2d 188, 190 (N.D.1996).

[¶ 20] I am of the opinion that the second amended judgment is not ambiguous. The relevant judgment language is contained in the second amended judgment:

> The $2,000.00 per month payment shall continue until the plaintiff's death, remarriage, until she co-habits with a male adult not related to her or until she is eligible to receive Social Security benefits, but in no event beyond January 1, 2011 whichever occurs soonest.

The meaning of "eligible" to receive social security benefits is the crux of the analysis of this language. The plain meaning of the word "eligible" is "qualified to participate or be chosen: ENTITLED." *Merriam–Webster's Collegiate Dictionary* 404 (11th ed. 2005) (ENTITLED is a synonymous cross-reference). The complete definition of "eligible" in *Black's Law Dictionary* 559 (8th ed.2004) (emphasis added), is "*Fit and proper* to be selected or *to receive a benefit; legally qualified for* an office, *privilege, or status.*" "Entitle" is defined as: "1. To grant a legal right to or qualify for." *Black's Law Dictionary* 573 (8th ed.2004)

[¶ 21] In order to be legally qualified for social security retirement benefits, Maureen Slorby had to be entitled to receive social security benefits. The plain meaning of "eligible" is "entitled" in this context. The Social Security Act, 42 U.S.C. § 402(a) (emphasis added), states in relevant part:

> Every individual who—
>
> (1) is a fully insured individual (as defined in section 414(a) of this title),
>
> (2) has attained age 62, and
>
> (3) has filed application for old-age insurance benefits ... *shall be entitled* to an old-age insurance benefit for each month, beginning with—

The Court of Appeals for the First Circuit has held:

> This statutory language prescribes *three prerequisites* to entitlement to benefits—that the applicant is a fully insured individual, that the applicant has attained retirement age, and that the applicant has filed an application for benefits. It plainly fixes the time when an applicant becomes entitled to benefits as the first month in which all three conditions, including the filing of an application, are met.

*Clark v. Celebrezze,* 344 F.2d 479, 481 (1st Cir.1965) (emphasis added). Maureen Slorby has not met the statutory require-

ments for entitlement to social security retirement benefits because she has not filed an application for benefits.

[¶ 22] The majority opinion completely ignores the third criterion of the law. "The Social Security Act, 42 U.S.C. § 402(a), makes the filing of an application a substantive condition precedent to entitlement to benefits." *Clark*, 344 F.2d at 481. The majority concludes Maureen Slorby is eligible because she meets the first two criteria of the Social Security Act. The conclusion is not based on the plain, literal meaning of "eligible" or on the law.

[¶ 23] Furthermore, a judgment should be construed to give effect to each and every part of it and to bring all the different parts into harmony if this can be done by fair and reasonable interpretation. *Dakutak*, 1997 ND 76, ¶ 11, 562 N.W.2d 750. The language of the second amended judgment lists several events any one of which would cause the spousal support to end if it occurs before January 1, 2011. Maureen Slorby was born on January 15, 1946. Therefore, during the month of January 2011, she will turn sixty-five years of age. Judgments generally provide that spousal support ends on death or remarriage. *See Roen v. Roen*, 438 N.W.2d 170, 173 (N.D. 1989) ("A trial court will act to terminate unlimited spousal support upon death or remarriage of the supported spouse unless there are extraordinary circumstances which justify its continuance."). The reason for the spousal support to end on these events is that the spouse receiving support typically no longer needs the support because she is receiving support from a new husband or is deceased. *See Principles of the Law of Family Dissolution: Analysis and Recommendations* § 5.07 (explaining that spousal support may be terminated upon the recipient spouse's remarriage because support is no longer needed).

[¶ 24] In the present case, all of the events that would trigger the end of spousal support would mean income or support coming in from another source, i.e., new husband or significant other or retirement benefits. Clearly, if Maureen Slorby applies for social security retirement benefits before she turns sixty-five, she will not be entitled to spousal support any longer under the second amended judgment. This interpretation gives meaning to the phrase in the second amended judgment "but in no event beyond January 1, 2011 whichever occurs soonest." Construing the second amended judgment to require Maureen Slorby to be entitled to benefits under the Social Security Act is consistent with the other terms of the second amended judgment regarding ending spousal support. The majority argues that to hold that Maureen Slorby must apply for benefits in order for the spousal support to end "would allow Maureen Slorby to dictate when Tom Slorby's spousal support obligation would cease." Maureen Slorby already has some control over when her spousal support ends. Other than her death, she controls all other events such as whether she remarries or lives with an adult male not related to her. It is contrary to the second amended judgment to interpret it such that Tom Slorby can force Maureen Slorby to either apply for early benefits and take a significantly reduced benefit or to forgo both benefits and spousal support altogether until she reaches "retirement age" under the Social Security Act.

[¶ 25] I am unable to discern from the majority opinion why it is not a rational interpretation of "eligible" to require proof Maureen Slorby is entitled to social security retirement benefits in order to end her spousal support. Therefore, I would affirm the district court's order denying the motion to end the spousal support.

[¶ 26] Finally, if both my interpretation and the majority's interpretation of the plain language of the second amended judgment are rational, then the language is ambiguous and the case should be remanded to the district court for it to consider extrinsic evidence and interpret the second amended judgment. *See Sullivan v. Quist,* 506 N.W.2d 394 (N.D.1993); *Anderson v. Anderson,* 522 N.W.2d 476 (N.D.1994).

[¶ 27] MARY MUEHLEN MARING, J.

VANDE WALLE, Chief Justice, dissenting.

[¶ 28] I respectfully dissent. I believe the district court correctly interpreted the judgment.

[¶ 29] Although I agree with Justice Maring, writing in dissent, concerning the meaning of the term "eligible" to receive social security benefits, I am persuaded, as was the district court, that the inclusion of the January 2011 date is decisive. That date was included in the 2001 amended judgment. It continued to be included in the 2004 amended judgment. January 2011 is the date Maureen Slorby reaches the age of sixty-five. The advancement of age is inexorable. If the intent of the agreement was that spousal support should cease in 2008 when Maureen reached the age of sixty-two and became "eligible" for reduced social security benefits, the 2008 date would have replaced the 2011 date in the 2004 amended judgment.

[¶ 30] Furthermore, the difference in the amount of spousal support, $2000 per month, and the reduced social security benefit, $337, while not controlling, supports the conclusion that the intent of the judgment was that spousal support would end when Maureen became "eligible" for full social security benefits at age sixty-five. As the trial court found "it is com-mon knowledge that under our current Social Security System a person receives reduced benefits if they retire prior to sixty-five (65)." In view of the 2011 date in the judgment, it is logical to interpret the judgment to mean spousal support would end when Maureen reached the age of sixty-five and was "eligible" to receive a Social Security benefit somewhat more comparable to the amount of spousal support.

[¶ 31] I would affirm the judgment of the trial court.

[¶ 32] GERALD W. VANDE WALLE, C.J.