Filed 2/17/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 35

Charles J. Frison, Plaintiff and Appellant

v.

Stacey Ohlhauser, Defendant and Appellee

No. 20110224

Appeal from the District Court of Emmons County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Theresa L. Kellington, 521 E. Main Ave., Ste. 400, Bismarck, ND 58501, for plaintiff and appellant.

Donavin L. Grenz, P.O. Box 637, Linton, ND 58552-0637, for defendant and appellee.

Frison v. Ohlhauser

No. 20110224

VandeWalle, Chief Justice.

[¶1] Charles J. Frison appealed from a district court order denying his motion to amend judgment.  Frison sought to modify the residential responsibility of his minor child with Stacey Ohlhauser and the associated child support obligation.  We affirm.

I.

[¶2] Frison and Ohlhauser, who were never married, had a child, W.H.O., in 1998.  That year, Frison filed a complaint seeking visitation rights.  In January 1999, the district court filed a judgment granting Ohlhauser residential responsibility of W.H.O., establishing a visitation schedule for Frison, and ordering Frison to pay child support.  The judgment was amended in 1999, 2003, and 2004 to modify either the visitation schedule, Frison’s child support obligation, or both.  In December 2010, Frison moved to amend judgment, seeking modification of residential responsibility of W.H.O.  Frison claimed a material change in circumstances had occurred because Ohlhauser was not properly feeding W.H.O., and Ohlhauser refused to remove a cat from her home despite the fact that W.H.O. is severely allergic to cats.  A hearing on the motion was held on June 28, 2011.  At the beginning of the hearing, the district court informed the parties that the hearing would focus on the two issues raised in Frison’s brief.  W.H.O., Frison, and Ohlhauser testified. 

[¶3] On July 7, 2011, the district court issued an order denying Frison’s motion to amend judgment. The district court noted there was contradictory testimony regarding whether W.H.O. was being properly fed, and no independent evidence was presented to corroborate this assertion.  The court also noted the cat had been removed from the home several months prior to the hearing, and Ohlhauser testified she cleaned her home to the best of her ability after the cat was removed.  The district court found Frison failed to establish a material change in circumstances had occurred.  

II.

[¶4] Frison argues the district court erred in ruling that no material change in circumstances had occurred.

[¶5] Section 14-09-06.6(6), N.D.C.C., provides a two-step process in analyzing a motion to modify primary residential responsibility:

The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

a.  On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b.  The modification is necessary to serve the best interest of the child.

The party seeking to modify custody has the burden of proving a material change in circumstances has occurred and modification is necessary to serve the child’s best interests.  
Siewert v. Siewert
, 2008 ND 221, ¶ 16, 758 N.W.2d 691.  “A district court’s decision whether to modify custody is a finding of fact, which will only be reversed on appeal if it is clearly erroneous.”  
Id.
  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review, we are left with a definite and firm conviction a mistake has been made.  
Id.
  Under the clearly erroneous standard, we do not reweigh the evidence or reassess the witnesses’ credibility when the evidence supports the district court’s findings.  
Kienzle v. Selensky
, 2007 ND 167, ¶ 14, 740 N.W.2d 393.

[¶6] “A material change in circumstances is an important new fact that was not known at the time of the prior custody decree; however, not every change will be sufficient to warrant a change of custody.”  
Siewert
, 2008 ND 221, ¶ 17, 758 N.W.2d 691.  A material change in circumstances may occur if the child’s current living environment may endanger his or her physical health.  
Id.
  If the district court finds no material change in circumstances has occurred, the court need not consider whether a change in primary residential responsibility is necessary to serve the child’s best interests.  
Lechler v. Lechler
, 2010 ND 158, ¶ 9, 786 N.W.2d 733.

[¶7] A mature child’s reasonable preference to live with a particular parent may constitute a material change in circumstances.  
Dietz v. Dietz
, 2007 ND 84, ¶ 13, 733 N.W.2d 225.  Although the child’s preference was argued as a separate basis to constitute a material change in circumstances before this Court at oral argument, it was not clearly raised as a separate issue below.  Arguments not raised before the district court will not be considered on appeal.  
Berlin v. State
, 2000 ND 13, ¶ 20, 604 N.W.2d 437.

[¶8] The district court found Frison failed to carry his burden to show a material change in circumstances had occurred because the testimony regarding whether W.H.O. was being properly fed was contradictory and lacked independent corroboration, all of the witnesses testified the cat had been gone for several months, and Ohlhauser testified she cleaned her residence to the best of her ability.  We do not reweigh the evidence or reassess the credibility of witnesses on appeal.  
Kienzle
, 2007 ND 167, ¶ 14, 740 N.W.2d 393.  Based on the evidence presented, we conclude the district court did not clearly err in determining no material change in circumstances had occurred.  Because we hold the district court did not clearly err in holding Frison failed to prove a material change in circumstances, we do not consider whether a change in residential responsibility is in W.H.O.’s best interests.  
See
 
Lechler
, 2010 ND 158, ¶ 9, 786 N.W.2d 733.

III.

[¶9] We affirm the district court order.

[¶10] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner