# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 122

Mariya Stephens,                                                    Plaintiff and Appellant

v.

Kevin Lee,                                                          Defendant and Appellee

and

State of North Dakota,                                  Statutory Real Party in Interest

## No. 20230381

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Theresa L. Kellington, Bismarck, ND, attorney for plaintiff and appellant.

Christene A. Reierson, Minot, ND, attorney for defendant and appellee.

**Crothers, Justice.**

[¶1]     Mariya Stephens appeals from a district court's judgment and amended judgment denying her motions to relocate and for primary residential responsibility. Mariya Stephens alleges the court erred by denying her motion to move out of state, and erred in awarding Lee primary residential responsibility. We affirm.

I

[¶2]     Kevin Lee and Mariya Stephens married in February 2017. They have one child, A.N.L., born in 2019. Mariya Stephens served in the Air Force when they moved to Minot, North Dakota, and separated from the Air Force in November 2022. Lee was not in the Air Force when he and Mariya Stephens divorced. The couple stipulated to a divorce, which was finalized on December 23, 2020.

[¶3]     Under the divorce judgment Mariya Stephens received primary residential responsibility of A.N.L. and Lee received parenting time. Paragraph 67 of the judgment states that if Mariya Stephens had a permanent change of duty station A.N.L. would relocate with her to maintain consistency. Paragraph 73 of the judgment states if Mariya Stephens relocated because of military employment that Lee consents to A.N.L. relocating with her. The judgment provided that A.N.L.'s medical information would be accessible by either party, that they would communicate with each other, keep "the lines of communication open to ensure both parties can participate in the child's extracurricular activities," are welcome to attend all events without interference from the other parent, and to let Lee access A.N.L.'s 529 education savings account.

[¶4]     Lee testified that he and Mariya Stephens co-parented amicably until Mariya Stephens started dating Charles Stephens in 2021. Mariya and Charles Stephens married in August 2021. They have two children together. Charles Stephens is not a named party, but interjected himself into the relationship by making Lee communicate through him about A.N.L.

[¶5]     Exhibits provided by Mariya Stephens and Lee, and testimony from Charles Stephens, indicated Charles Stephens communicated to Lee, throughout 2022 and early 2023, that the Stephens family was planning to relocate. In September 2022, Mariya and

Charles Stephens contracted and put down money to build a home in King George, Virginia. The Stephens family told Lee that they planned to move and Lee either did not respond or replied, via text message, with "sounds good." Mariya Stephens believed she had Lee's consent to relocate either under the divorce judgment or his text messages and emails. On April 27, 2023, Mariya Stephens filed a motion for relocation. Mariya Stephens relocated before the district court could act on the motion.

[¶6]    On May 9, 2023, Lee objected to Mariya Stephens's relocation and requested the district court deny her motion to relocate to Virginia. The same day, Lee moved to amend the divorce judgment to give him primary residential responsibility for A.N.L. with Mariya Stephens having parenting time. Lee also filed a motion for contempt due to Mariya Stephens's alleged violations of the judgment. On May 31, 2023, the district court required the Stephens family to return to North Dakota with A.N.L. A hearing on the motion to relocate was held on June 13, 2023, with a second hearing on August 8, 2023.

[¶7]    On October 9, 2023, the district court denied Mariya Stephens's motion to relocate because the *Stout-Hawkinson* factors disfavored relocation. The court awarded Lee primary residential responsibility and granted his motion to amend the judgment. The court denied Mariya Stephens's motion to amend the judgment and found the statutory best interest factors e, k, and l favored Lee and the remainder were not applicable or favored both parties. The court also found Mariya Stephens must give Lee access to A.N.L.'s 529 education savings account.

[¶8]    In November 2023, the district court amended child support and entered judgment. Mariya Stephens timely appealed.

II

[¶9]    Mariya Stephens argues the district court erred in denying her motion to relocate. She argues that she did not need Lee's consent due to language in the divorce judgment and, in the alternative, that Lee consented to the relocation through text messages and emails. "A parent with primary residential responsibility for a child may not change the primary residence of the child to another state except" when the other parent consents or by decree or court order that includes parenting time for the non-relocating parent. N.D.C.C. § 14-09-07(1). "The parent moving for permission to relocate has the burden of proving by a preponderance of the evidence the move is in the child's best interests." *Larson v. Larson,* 2016 ND 76, ¶ 21, 878 N.W.2d 54.

A

[¶10] Mariya Stephens claims the judgment provided her Lee's consent to move out of state. The judgment provides: "[i]f there is a permanent change of duty station, A.N.L. will relocate with Mariya [Stephens] to maintain consistency, and Kevin [Lee] would then have extended parenting time as arranged between the parties" and "[t]he parties agree that if Mariya [Stephens] has to relocate due to her military employment, she has consent to do so, and the parties will work out details for a parenting time schedule for Kevin [Lee] if that event occurs."

[¶11] Our method of reviewing a family law judgment is well established:

> "When a stipulation is incorporated into a judgment, 'the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties.' When the language of a judgment is clear and unambiguous, the judgment must be construed to give effect to the unambiguous language, but 'if the language of a judgment is ambiguous, we give great weight to a district court's construction of its own decree,' unless the court misapplies the law in interpreting the judgment."

*Kienzle v. Selensky*, 2007 ND 167, ¶ 10, 740 N.W.2d 393 (cleaned up).

[¶12] Mariya Stephens and the district court discussed her relocation to Virginia:

> "The Court: Okay. I'm going to jump forward a little bit to this Virginia move. And I'm struggling on that one as well, quite frankly. My understanding of your position, and correct me if I'm wrong—
> The Witness: Yes, Ma'am.
> The Court: Is that because this was a permanent change in station, you did not need Mr. Lee's consent; is that right?
> The Witness: No, Ma'am. That's why we sought his consent prior."

Because of the admission that her move was not due to the military's change of her duty station the judgment provisions providing Lee's consent did not apply. The district court did not err in concluding the judgment did not provide consent for her to relocate A.N.L. out of state.

B

[¶13] Mariya Stephens argues in the alternative that Lee gave her consent to relocate in text messages and emails. The standard of review for a motion to relocate requires:

> "A district court's decision on a motion to relocate is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. In applying the clearly erroneous standard, we will not reweigh evidence, reassess witness credibility, retry a custody case, or substitute our judgment for the trial court's decision merely because this Court may have reached a different result. This Court also held that a trial court may draw inferences from facts presented and may make a finding of fact based upon an inference supported by the evidence."

*Nelson v. Nelson*, 2024 ND 31, ¶ 6, 3 N.W.3d 133 (internal citations omitted).

[¶14] The district court found Lee did not consent to Mariya Stephens's relocation with A.N.L. in the fall of 2022. The court also found Mariya Stephens did not provide Lee with the date of their relocation until after the Stephens family left North Dakota. The text messages and emails Mariya Stephens claims show the parties discussed A.N.L.'s potential move did not amount to Lee's consent to the move. The court did not clearly err in finding Lee did not consent to the move.

### III

[¶15] Mariya Stephens claims the district court erred in making its findings under the *Stout-Hawkinson* factors and in denying her motion to relocate A.N.L. out of state. The court's findings are not clearly erroneous and we summarily affirm under N.D.R.App.P. 35.1(a)(2).

### IV

[¶16] Mariya Stephens claims the district court erred in making its findings on the statutory best interest factors and in granting Lee's motion to change A.N.L.'s primary residential responsibility to Lee. The court's findings are not clearly erroneous and we summarily affirm under N.D.R.App.P. 35.1(a)(2).

### V

[¶17] We have considered the parties' remaining arguments and conclude they are either without merit or not necessary to our decision.

### VI

[¶18] The district court did not misapply the law when concluding the divorce judgment did not provide Mariya Stephens with Lee's consent for her to move A.N.L. out of state,

4

and did not err by denying her motion and by granting Lee's motion to change primary residential responsibility. We affirm.

[¶19]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr